STATE of Utah, Plaintiff and Appellee,

v.

Terry Robert JENSEN, Defendant and Appellant.

No. 900350.

Supreme Court of Utah.

Sept. 30, 1991.

J. Bryan Jackson, Cedar City, for defendant and appellant.

R. Paul Van Dam, Sandra Sjogren, Salt Lake City, for plaintiff and appellee.

STEWART, Justice:

Defendant Terry Robert Jensen appeals his convictions for aggravated robbery, a first degree felony, and for theft, a third degree felony. We affirm.

On the afternoon of May 26, 1984, Jensen entered Berry's Western Wear in Cedar City, Utah, to collect a money order from the Western Union office located within the store. Because the money order had not yet arrived, Jensen entered the store every fifteen to twenty minutes throughout the afternoon until the order was transmitted at approximately 5:44 p.m. To receive payment, Jensen provided identification and signed a receipt. He then told the clerk that he was expecting an additional money order and persuaded the clerk to remain after closing so that he could receive it. At closing, however, Jensen reentered the store with a revolver and, point-

ing the gun at the clerk, demanded money from the cash register.

Jensen then ordered the clerk into the restroom in the back of the store, where he tied her hands and feet with rope. After the clerk perceived that Jensen had left the store, she freed herself and opened the restroom door. Jensen saw her and forced her back into the restroom, where he again tied her hands and feet. He demanded that she stay in the restroom and tied the handle of the door to a filing cabinet. Assured that Jensen had left, the clerk again untied the ropes binding her and escaped from the restroom. After calling the police, she discovered that $120 in cash and over $500 in merchandise had been taken from the store.

The original arrest warrant was issued May 29, 1984, and Jensen was arrested based on that warrant in Wallace, Idaho, on June 2, 1984. Jensen challenged extradition to Utah. The trial judge gave Utah authorities 30 days to appear on the extradition matter or to have a governor's warrant issued. The action was subsequently dismissed because Utah officials failed to appear, and Jensen was released.

Jensen was later arrested in Shoshone County, Idaho, on a charge of burglary and spent seven months in jail. During that time, no attempt was made to act on the Utah charges. After his release, Jensen was arrested in Sandpoint, Idaho, and again charged with burglary. He was found guilty of the burglary and sentenced to serve two concurrent fifteen-year sentences in the custody of the Idaho State Board of Corrections.

While the charges in Sandpoint were pending, Jensen was served with a governor's warrant from Utah. In 1985, he filed a petition for a writ of habeas corpus in Idaho state court, requesting that the Utah charges be quashed. The Idaho judge de-

nied the petition on the basis of mootness.[1] On July 19, 1985, Jensen received a detainer notification from the Idaho prison administrator informing him that the State of Utah had lodged a detainer against him. In September 1988, Jensen filed a motion to dismiss the Utah charges in the Utah court. That motion was denied, and Jensen did not appeal from the denial. Jensen was extradited to Utah on his release from the Idaho State Prison on December 28, 1989.

On March 28, 1990, Jensen was tried and convicted by a jury in Utah for aggravated robbery and theft. On appeal, he contends that he was denied his right to a speedy trial, that the eyewitness identification of him at trial should have been suppressed, and that the trial court erred when it refused to give an instruction on the lesser included offense of robbery.

## I.

Jensen first contends that the long delay between the crime and the trial violated his right under the state and federal constitutions to a speedy trial.[2] The right to a speedy trial is of great value. The likelihood of accurately determining the truth or falsity of the charges is enhanced by a prompt trial. Also, the cloud of a pending prosecution on the life of a defendant militates as a matter of basic fairness in favor of prompt disposition.

Nevertheless, defendants, for one reason or another, often find it expedient to forego an early trial. This Court has held that although "the right to a speedy trial is of paramount importance in a criminal case, a defendant who initiates delay is not in a position to demand adherence to a statutory time limit." *State v. Stillings*, 709 P.2d 348, 349 (Utah 1985); *see also State v. Knill*, 656 P.2d 1026, 1028–29 (Utah 1982); *State v. Trujillo*, 656 P.2d 403, 404–05

1. Whether the Idaho judge's decision relates at all to this case, as Jensen contends, is unclear from the record before this Court. A copy of the order denying the petition is included in the record, but the order refers to a case from Bonner County, Idaho, whereas the previous action on the Utah charges occurred in Shoshone County, Idaho.

2. Jensen's brief refers to both the state and federal constitutional provisions requiring a speedy trial. His brief, however, offers no basis for independent reliance on the state constitution. Therefore, we address only the federal provision. *See State v. Earl*, 716 P.2d 803, 805–06 (Utah 1986).

(Utah 1982). In *State v. Velasquez,* 641 P.2d 115 (Utah 1982), the defendant argued that the trial court lacked jurisdiction because he was not tried within 90 days of his request for a final disposition as required by the statutory provision then in effect, Utah Code Ann. § 77–65–1(a) (1953). The trial took place 119 days after his request; however, a delay of at least 42 days was due to the defendant's own motion for a continuance. *See id.* at 116. We held that the 42–day postponement could not be included within the 90–day period prescribed by section 77–65–1(a). The purpose behind the statute, to protect the right to a speedy trial, no longer existed when the prisoner himself acted to delay the trial. Reasonable interpretation thus required that the 90–day disposition period be extended by the amount of time during which the defendant created the delay. *See id. See also United States v. Loud Hawk,* 474 U.S. 302, 316–17, 106 S.Ct. 648, 656–67, 88 L.Ed.2d 640 (1986) (delay caused by defendant's interlocutory appeals did not weigh in support of defendant's speedy trial claim).

In the present case, Jensen initiated the multi-year delay in the proceedings by challenging extradition. Except for his challenge to the extradition proceedings, he could have returned to Utah in 1984 and had a speedy trial. Moreover, in denying Jensen's motion to dismiss for lack of a speedy trial, the trial court noted that Jensen did not request disposition under the interstate agreement on detainers. Even when Jensen was in prison in Idaho, he could have invoked the provisions of the agreement, Utah Code Ann. § 77–29–5 art. III (1990), to require Utah authorities to bring him to trial in 180 days. But Jensen chose not to invoke the procedures of the agreement. In none of the filings which Jensen made prior to his arrival in Utah in December 1989 did he assert his right to a speedy trial. Indeed, he rigorously tried to avoid trial in Utah. Therefore, it is wholly incongruous for Jensen to now claim that Utah has violated his right to a speedy trial. *See, e.g., Barker v. Wingo,* 407 U.S. 514, 528–32, 92 S.Ct. 2182, 2191–93, 33 L.Ed.2d 101 (1972) (assertion of or failure to assert the right to a speedy trial is only one of the factors to be considered in an inquiry into deprivation of the right, but "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial").

## II.

■ Jensen also asserts that a prosecution witness's in-court identification of him was improper and that the impropriety could not be cured by offering the cautionary instruction required by *State v. Long,* 721 P.2d 483 (Utah 1986). In essence, Jensen argues that the identification was unreliable because of the length of time between the crime and the in-court identification and because of the lack of corroborating evidence.

Jensen's claim is meritless. The store clerk, Vicki Dorigatti, testified that Jensen was at Berry's Western Wear from approximately 1 p.m. to 6:05 p.m., at which time he robbed the store at gun point and tied her up in the back of the shop. During that time, Dorigatti was afforded an extended opportunity to view Jensen. Furthermore, Jensen proffered personal identification to Dorigatti prior to receiving the money order for which he had waited and signed the receipt while Dorigatti watched. Dorigatti also made a positive identification of Jensen ten days after the robbery from an array of photographs. The totality of these circumstances suggests that Dorigatti formed a clear and accurate memory of Jensen that was sufficient to identify him in court. Jensen's theory that the mere passage of time between the crime and in-court identification renders the eyewitness identification improper is unpersuasive.

*State v. Long* does not assist Jensen. Under *Long,* trial courts must give a cautionary instruction whenever eyewitness identification is a central issue in a case and the instruction is requested by the defense. *See Long,* 721 P.2d at 492. A cautionary instruction concerning identification by a witness was given by the trial court in this case, thereby satisfying the requirements of *Long.*

## III.

Finally, Jensen argues that the trial court erred in refusing to give an instruction on robbery as a lesser included offense of aggravated robbery. In *State v. Gotschall,* 782 P.2d 459 (Utah 1989), this Court restated the two-part test for determining when a lesser included offense instruction must be given by the trial court. The test requires a showing that (1) the statutory elements of the two offenses are related, and (2) the evidence provides a reasonable basis for a finding of not guilty of the greater crime and a finding of guilty of the lesser crime. *See id.* at 464 (citing *State v. Baker,* 671 P.2d 152, 154–59 (Utah 1983)). In this case, the trial court ruled that while the offenses were obviously related, the evidence did not provide a reasonable basis for finding Jensen not guilty of aggravated robbery and guilty of robbery.

The only difference between aggravated robbery and robbery, for purposes of this case, is the use of a weapon. *Compare* Utah Code Ann. § 76–6–302 (1978) (amended 1989) *with* Utah Code Ann. § 76–6–301 (1990). The only eyewitness to the crime was the clerk, Dorigatti. She testified that Jensen pointed a gun at her throughout the robbery. She described the gun and stated that it was cocked. On this record, there is no reasonable basis for disbelieving her testimony. No contradictory evidence was presented concerning Jensen's use of a gun. Because the jury was provided no basis for finding that a weapon was not used, the jury could not have reasonably concluded that Jensen was not guilty of the greater offense of aggravated robbery and yet conclude that Jensen was guilty of the lesser offense of robbery.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.