**In re ONE HUNDRED TWO THOUSAND DOLLARS IN U.S. CURRENCY.**

**Hurdley Evans, Appellant.**

**No. 910063.**

Supreme Court of Utah.

Jan. 9, 1992.

---

**10.** *See supra* n. 5.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for State.

Mark H. Tanner, Castle Dale, for appellant.

HOWE, Associate Chief Justice:

This is an appeal from a judgment forfeiting to Emery County $100,900 in United States currency that the trial court found had been used in illegal drug transactions.

On April 1, 1989, on Interstate 70, an Emery County sheriff's deputy stopped a westbound 1986 Ford van because it was spewing smoke. On inspection, the deputy discovered oil spattered on the windshield and the underside of the hood and dripping from underneath the vehicle. He also observed that one of the two gas tanks made a "dead" sound when struck with his flashlight. The bolts holding this tank were worn, and one of the securing straps was loose. The driver indicated that he had plenty of oil and was anxious to continue to a California destination. The deputy told the driver and his three passengers that the van would probably not make it to California.

The deputy requested identification, and the driver produced a California driver's license bearing the name of Larry Richardson and a void registration. The driver was arrested for driving on a suspended driver's license, and the vehicle was taken to a sheriff's substation in Green River, where a search warrant was obtained. The search revealed that one gas tank was in fact false and that it contained $100,900 in U.S. currency, most of which was divided into $5,000 blocks, each wrapped in brown paper. A drug dog "alerted" on both the money and the brown paper. The dog also alerted on $1,510 in currency which was carried in the purse of a female passenger. Appellant made no claim against the $1,510. Therefore, that amount is not relevent in this proceeding. No controlled substances were found in the van or on the person of any of the occupants, but Zigzag papers, or rolling papers, were found.

At the substation, the driver stated that his name was Mark Oswalso and produced a valid temporary driver's license in that name. No charges were filed against any of the occupants. None of them owned the van, and all of them disclaimed knowledge of the existence of the currency found in the gas tank. Later, appellant Hurdley Evans, who was not riding in the van, claimed that the currency belonged to him, stating that he had recently sold his business for a large sum of cash. He also claimed that the van belonged to an employee of his. Evans asserted that he had transported the cash to Michigan to purchase a business there, but because the transaction did not materialize, he had arranged to have the currency transported back to California in the van. Under the Utah Controlled Substances Act, the trial court ordered the forfeiture of the currency found in the gas tank, finding that it had been used in illegal drug transactions. *See* Utah Code Ann. §§ 58–37–1 to –19.

Appellant assails the judgment on the ground of insufficiency of evidence. He argues that the only evidence of an illegal drug transaction was that the currency had been intentionally hidden and that a drug dog alerted on it. We find it unnecessary to comment on the sufficiency of the evidence because a basic element of a cause of action for forfeiture is absent. Utah Code Ann. § 58–37–13(1)(g) provides that the following are subject to forfeiture: "everything of value furnished or intended to be furnished in exchange for a controlled sub-

stance *in violation of this act,* all proceeds traceable to *any violation of this act,* and all monies, negotiable instruments, and securities used or intended to be used to facilitate *any violation of this act....*" (Emphasis added.) The statute thus provides for the forfeiture of currency only when it has been used or was intended to be used to facilitate a violation of the act. It is not enough that the currency may have been generated in a drug transaction which took place outside of Utah. In that case, there would be no violation of the Utah act. It is only when the Utah act is violated that drug proceeds are subject to forfeiture under section 58–37–13(1). Here, no attempt was made by the State to prove that the money came from or was intended to be used in a drug transaction in this state. No controlled substances were found in the van or on the person of any of the occupants. No criminal charges were filed against any of them. The van was merely passing through Utah on an interstate highway.

The judgment cannot be sustained due to the lack of an element of forfeiture. Because of this plain error, the judgment is reversed. The currency in the amount of $100,900 taken from the gas tank is ordered to be returned to appellant if the trial court determines that he is the owner.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.