2001 UT 26

**STATE of Utah, Plaintiff and Appellee,**

v.

**ONE 1980 CADILLAC and Three Thousand, Six Hundred, Seventy Six Dollars U.S. Currency, Defendant,**

**Rick Dee Keebler, Appellant.**

No. 990382.

Supreme Court of Utah.

March 16, 2001.

R. Don Brown, Richfield, for plaintiff.

Rick Dee Keebler, Leavenworth, KS, pro se.

DURHAM, Justice:

¶ 1 Appellant Rick Dee Keebler ("Keebler") appeals pro se from the trial court's judgment, pursuant to the Utah Controlled Substances Act, Utah Code Ann. § 58–37–13(1998), ordering forfeiture of his 1980 Cadillac and $3676 in United States currency to the State of Utah. We affirm.

## BACKGROUND

¶ 2 On September 20, 1994, while driving a 1980 Cadillac in Sevier County, Utah, Keebler was stopped by the Utah Highway Patrol for a traffic offense. A search of the vehicle revealed that Keebler was transporting large quantities of controlled substances, including methamphetamine, cocaine, heroin, and marijuana. The officer arrested Keebler and seized the 1980 Cadillac and $3676 cash found in Keebler's possession. Keebler was subsequently charged and convicted under federal drug charges. Throughout this litigation, he has been incarcerated and continues to serve as an inmate in federal prison.

¶ 3 On September 30, 1994, the State of Utah filed a complaint and notice of seizure and forfeiture in the Sixth Judicial District Court in Sevier County. In the complaint, the state alleged that the 1980 Cadillac and the $3676 were being used or intended for use to facilitate the transportation, receipt, possession, and/or concealment of illegal narcotics in violation of the Utah Controlled Substances Act. Therefore, the state urged forfeiture of Keebler's property. Keebler answered the complaint and denied the state's allegations.

¶ 4 No further action was taken in this matter until May 27, 1998, when the state moved for summary judgment. After Keebler opposed the motion, the trial court denied summary judgment because the use of the seized currency was in dispute. Subsequently, while still incarcerated, Keebler moved for final disposition of the matter.

¶ 5 A scheduling conference was held on December 8, 1998, at which Keebler appeared via telephone. At that time, the court scheduled a bench trial for March 23, 1999. About one month before the scheduled trial date, Keebler petitioned the trial court for an order requiring the State of Utah to bear the cost of transporting him to appear and testify at the trial. However, the trial court did not act on the motion and the bench trial was held as scheduled. Keebler, still incarcerated, was not present or represented at the trial.

¶ 6 After trial, the court made findings of fact that at the time of Keebler's arrest, he possessed and was transporting large quantities of narcotics for illegal distribution, including 8 pounds of methamphetamine, 1 kilogram of cocaine, 5 ounces of heroin, and 11.5 pounds of marijuana. The trial court found that Keebler actually admitted his intent to break the narcotics down into small quantities and sell them illegally for an anticipated return of $175,000. In addition, the trial court found that Keebler admitted he had previously purchased and distributed for profit other illegal narcotics, including 2 pounds of methamphetamine, 1 kilogram of cocaine, 2 ounces of heroin, and 6 pounds of marijuana. Based on these findings of fact, the court concluded that the 1980 Cadillac was being used to transport narcotics and that the currency constituted proceeds of narcotics distribution in violation of the Utah Controlled Substances Act. The trial court ordered that the 1980 Cadillac and the $3676 be forfeited to the state.

¶ 7 On appeal, Keebler raises three claims of error. He argues that (1) the trial court's judgment constitutes double jeopardy because Keebler's conviction on federal drug charges is based on the same conduct relevant to the forfeiture proceeding, (2) the trial court's judgment violates Keebler's right to due process of law because the state did not bear the cost of transporting him to Utah to appear at the trial and did not appoint counsel to represent him, and (3) the trial court did not have subject matter jurisdiction in

the forfeiture proceeding because Keebler was convicted under federal jurisdiction and was not charged under the Utah Controlled Substances Act.

## STANDARD OF REVIEW

 ¶ 8 The trial court's judgment contained no express conclusions of law with regard to Keebler's claims of error. However, the inference inherent in the judgment is that the trial court found no merit to Keebler's constitutional and jurisdictional arguments. Keebler's constitutional arguments regarding double jeopardy and due process present questions of law. *State v. One Hundred Seventy–Five Thousand Eight Hundred Dollars, United States Currency, and One Scale,* 942 P.2d 343, 346 (Utah 1997) (citing *Ryan v. Gold Cross Servs., Inc.,* 903 P.2d 423, 424 (Utah 1995)). Subject matter jurisdiction is also a question of law. *Barnard v. Utah State Bar,* 857 P.2d 917, 919 (Utah 1993) (citing *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985)). A trial court's conclusions of law in civil cases are reviewed for correctness. *Orton v. Carter,* 970 P.2d 1254, 1256 (Utah 1998). Under the correctness standard, no deference is given to the trial court's ruling on questions of law. *Orton,* 970 P.2d at 1256.

## ANALYSIS

### I. DOUBLE JEOPARDY

 ¶ 9 Keebler first argues that the forfeiture of his property was designed to punish him for violating the Utah Controlled Substances Act. He argues that the civil forfeiture proceeding constitutes double jeopardy because he has already been convicted under federal charges for the same conduct. Although Keebler asserts that his "State and Federal Constitutional Rights" were violated by the forfeiture, he relies solely on the Fifth and Fourteenth Amendments to the U.S. Constitution. Keebler makes no reference to state constitutional provisions and no independent argument on state constitutional grounds. Therefore, because Keebler did not properly raise and adequately brief the state constitutional issue, we do not address it in this case. *See State v. Thomas,* 961

P.2d 299, 304 (Utah 1998) (citing *State v. Herrera,* 895 P.2d 359, 368 n. 5 (Utah 1995); *State v. Wareham,* 772 P.2d 960, 966 (Utah 1989); *State v. Amicone,* 689 P.2d 1341, 1344 (Utah 1984)).

 ¶ 10 In *Davis,* we followed *United States v. Ward,* 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), which established a two-prong test to decide whether a civil penalty (whether in rem or in personam) implicates the double jeopardy clause. *See Davis,* 972 P.2d at 391 (citing *Ward,* 448 U.S. at 248–49, 100 S.Ct. 2636). First, we determine whether a statute indicates an express or implied preference for a civil or criminal penalty. *Id.* Second, where a statute is intended to establish a civil penalty, we must inquire further to determine whether the statutory scheme is "so punitive either in purpose or effect as to negate that intention." *Id.*

 ¶ 11 We first note that this action was brought in rem, not in personam. This court has held that under *United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), there is a "firm presumption that in rem forfeitures are not punishment for double jeopardy purposes." *State v. Davis,* 972 P.2d 388, 392 (Utah 1998) (citing *Ursery,* 518 U.S. at 287–88, 116 S.Ct. 2135). Furthermore, "[o]nly the 'clearest proof' of a punitive form or effect will suffice to overcome that presumption." *Id.* (quoting *Ursery,* 518 U.S. at 289 n. 3, 116 S.Ct. 2135).

¶ 12 In *Davis,* we determined that by enacting section 58–37–13 of the Utah Code Ann., the Utah Legislature intended to create a civil penalty, not a criminal penalty. *Id.* at 391–92. Moving to the second prong of the *Ward* analysis, we noted that "*in rem* forfeitures are less likely to be treated as criminal punishment than *in personam* penalties, [and therefore], any forfeiture that is not severe enough to constitute punishment under an *in personam* analysis cannot constitute punishment in the *in rem* context." *Id.* at 392. We then held that forfeiture of a car valued at between $2925 and $4600 was well within allowable limits of civil penalties where the cost of investigation and prosecution of the case was approximately $2500.

*Id.* (noting that "[f]ederal in personam cases have allowed civil penalties that amounted to many times more than the cost of prosecuting cases.") (citing *Rex Trailer Co. v. United States*, 350 U.S. 148, 154, 76 S.Ct. 219, 100 L.Ed. 149 (1956); *Marcus v. Hess*, 317 U.S. 537, 548–49, 63 S.Ct. 379, 87 L.Ed. 443 (1943)). Therefore, we held that the penalty imposed was "well within the limits prescribed by in personam cases, let alone those prescribed for in rem cases." *Davis*, 972 P.2d at 392.

¶ 13 In the instant case, Keebler is unable to overcome the strong presumption that in rem forfeitures are not punishment for double jeopardy purposes. Keebler fails to demonstrate any indication that forfeiture of a 1980 Cadillac and $3676 comes close to constituting criminal punishment. The street value of the narcotics in Keebler's possession was $175,000. Keebler admitted that he had already made illegal profits on a previous sale of large quantities of narcotics. Although we noted in *Davis* that a court may consider several factors in making its determination, Keebler fails to demonstrate *any* factor "militating in favor of a finding that forfeiture in this case was a criminal punishment." *Id.* at 392 (noting that "disproportionality of cost is only one factor among many") (citing *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997)).[1] Therefore, we hold that the forfeiture in this case does not implicate the double jeopardy clause of the federal Constitution.

## II. DUE PROCESS

¶ 14 Keebler next argues that his federal constitutional right to due process was violated because he was not present at the hearing and was not represented by appointed counsel. These claims fail as a matter of law. Keebler relies on various cases for his proposition that he had a right to be present and be represented by appointed counsel at trial. *See, e.g., United States v. Songer*, 842 F.2d 240 (10th Cir.1988); *United States v. Robinson*, 8 F.3d 418 (7th Cir.1993); *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). However, the Sixth Amendment right to confront witnesses and to have assistance of counsel pertains only to criminal prosecutions. *See* U.S. Const. art. VI; *see also State v. Young*, 853 P.2d 327, 354 (Utah 1993) (noting that "defendant has no right to counsel in a civil case"). There is no constitutional right to be present at a civil in rem forfeiture proceeding.

¶ 15 Moreover, the Utah Controlled Substances Act provides that forfeiture proceedings shall be stayed until criminal charges are resolved *"unless motion for disposition is made by the defendant."* Utah Code Ann. § 58–37–13(9)(b)(i) (emphasis added). Therefore, Keebler could have moved for stay of the forfeiture proceeding until his federal sentence was complete and he could be present at trial. Instead, Keebler moved for final disposition knowing that he would remain incarcerated in federal prison. In effect, Keebler waived any right he had to stay the proceedings in order to be present at trial. Moreover, the state was under no obligation to bear the cost of transporting Keebler to testify at the civil forfeiture hearing. Therefore, Keebler's rights to due process were not violated.

## III. SUBJECT MATTER JURISDICTION

¶ 16 Finally, Keebler argues that the State of Utah waived subject matter

---

1. To determine whether a statutory scheme is "so punitive in purpose or effect" as to "transform what was clearly intended as a civil remedy into a criminal penalty," the United States Supreme Court outlined the following factors as guideposts:

(1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of *scienter;* (4) whether its operation will promote the traditional aims of punishment—

retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Hudson*, 522 U.S. at 99–100, 118 S.Ct. 488 (internal quotations and citations omitted). It is important, however, to consider these factors "in relation to the statute on its face." *Id.* at 100, 118 S.Ct. 488 (internal quotations and citation omitted).

jurisdiction over this matter because he was never prosecuted under the Utah Controlled Substances Act and was surrendered to federal authorities. However, this case involves jurisdiction in rem, not in personam. Subject matter jurisdiction over the 1980 Cadillac and $3676 was proper under section 58–37–13. Property subject to forfeiture may be seized without process when "the seizure is incident to an arrest...." *Id.* at § 58–37–13(3)(a)(i). In addition, the statute provides that forfeiture proceedings shall be "filed in a court of record where the property was seized ...." § 58–37–13(9)(a). The statute does not require that a property owner be charged criminally or convicted under the Utah Controlled Substances Act for Utah courts to have jurisdiction over the seized property. Rather, this statute requires only that the property subject to forfeiture be used for purposes or acts "in violation of this chapter," § 58–37–13(2)(a) (k), and that the state establish by a preponderance of the evidence (in the civil forfeiture proceeding) that a violation occurred, as it did here, *see* § 58–37–13(9)(c).[2]

¶ 17 Thus, although the claimant was never prosecuted or convicted under Utah law, in this case the state presented ample evidence that he committed a violation under this chapter of the Utah Controlled Substances Act. He was in possession of illegal narcotics in Utah and, furthermore, was convicted of federal offenses for the same conduct—conduct clearly in violation of the chapter as required by section 58–37–13. Therefore, jurisdiction was proper.

## CONCLUSION

¶ 18 We affirm the trial court's judgment ordering forfeiture of Keebler's 1980 Cadillac and $3676 in cash.

¶ 19 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM'S opinion.

---

**2.** This court held in two previous cases that forfeiture was not permitted because there had been no "violation of this chapter." *See In re One Hundred Two Thousand Dollars in U.S. Currency,* 823 P.2d 468 (Utah 1992); *State v. One 1984 Oldsmobile,* 892 P.2d 1042 (Utah 1995). Neither case included evidence that the claimants had any drugs in their possession; instead, the state was seeking forfeiture of cash allegedly connected to drug transactions outside of Utah. Under the former version of section 58–37–13, this court held there was no violation because the prohibited conduct occurred outside of Utah. The statute now states that a violation covers *any* conduct prohibited by the statute, including "conduct occurring outside the state." § 58–37–13(1)(g).