2007 UT App 269

STATE of Utah, Plaintiff and Appellee,

v.

Dwight CAHOON, Defendant and Appellant.

No. 20060362–CA.

Court of Appeals of Utah.

Aug. 2, 2007.

John T. Caine, Ogden, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Christopher D. Ballard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., BILLINGS, and DAVIS, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Dwight Cahoon appeals the denial of his motion to dismiss, arguing that any prosecution for the amended charges against him would violate his constitutional right to due process and protection from double jeopardy. We reverse.

## BACKGROUND

¶ 2 On August 12, 2004, the State filed an information against Defendant, charging him with ten counts of aggravated sexual abuse of a child, a first degree felony, for events occurring before the victim turned fourteen years old, *see* Utah Code Ann. § 76-5-404.1(4) (2003), and ten counts of forcible sexual abuse, a second degree felony, for events occurring after the victim was fourteen, *see id.* § 76-5-404 (2003). In mid-January 2005, Defendant filed his Motion to Dismiss Based Upon Statute of Limitations. In the supporting memorandum, Defendant argued that the applicable four-year statute of limitations for all the charged offenses had run.

¶ 3 The State replied on January 28, 2005, opposing the motion to dismiss. The State agreed that the original twenty charges were time-barred by the statute of limitations, but also argued that based on the same alleged acts, Defendant could instead be charged with ten counts of sexual abuse of a child, a second degree felony, *see id.* § 76-5-404.1, which were lesser included offenses of the ten counts of aggravated sexual abuse of a child, and were offenses for which the statute of limitations had not yet run. The State included, as an attachment, a proposed Amended Information charging Defendant with those ten counts.

¶ 4 On February 23, 2005, the trial court conducted a telephone conference regarding the motion to dismiss. The State again acknowledged that the original twenty counts were barred by the statute of limitations, but also mentioned that it had filed the Amended Information charging ten counts of sexual abuse of a child. Defendant requested, and the court granted, additional time to file pleadings challenging the filing of the Amended Information. Also during this telephone conversation, the court apparently dismissed the original twenty counts with prejudice, although such was not specifically stated in the accompanying minute entry.

¶ 5 Defendant then filed his Motion to Dismiss Amended Information, arguing that the doctrines of due process and double jeopardy precluded the ten counts of sexual abuse of a child because the ten previous

counts of aggravated sexual abuse of a child had already been dismissed. In August 2005, oral argument was held, at which the trial court determined that double jeopardy did not apply and that due process was not violated by the charges in the Amended Information. At this hearing, the trial court also instructed Defendant to prepare an order memorializing the February 23 phone conference. The court signed this order dismissing the original twenty counts with prejudice on September 1, 2005.

¶ 6 Plea negotiations followed thereafter, and Defendant pleaded guilty to two of the ten counts of sexual abuse of a child pursuant to *State v. Sery*, 758 P.2d 935, 938–39 (Utah Ct.App.1988), thus preserving his right to appeal the trial court's decision on his constitutional arguments. Defendant now appeals.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 7 Defendant raises arguments of due process and double jeopardy under both the federal and state constitutions. "[C]onstitutional arguments regarding double jeopardy and due process present questions of law," *State v. One 1980 Cadillac*, 2001 UT 26, ¶ 8, 21 P.3d 212, which we review for correctness.

## ANALYSIS

■ ¶ 8 The United States Constitution protects a defendant from being twice placed in jeopardy for the same offense. *See* U.S. Const. amend. V.[1] The Double Jeopardy Clause embodies three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306–07, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984). Defendant argues that the trial court's dismissal with prejudice of the ten counts of aggravated sexual abuse of a child functions as an acquittal on those counts and, therefore, bars

subsequent prosecution for the ten counts of sexual abuse of a child, which are lesser included offenses arising from the same acts for which Defendant was originally charged. We agree.

■ ¶ 9 The United States Supreme Court has stressed that "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action. Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (citations omitted); *see also State v. Musselman*, 667 P.2d 1061, 1064 (Utah 1983) ("A ruling that constitutes a factual resolution in favor of the defendant on one or more of the elements of the offense charged is an acquittal."). Thus, whether a trial court's ruling is characterized as a dismissal with or without prejudice, the ruling is an acquittal so long as it resolves at least one element of the offense charged in favor of the defendant.

■ ¶ 10 The Utah Supreme Court has also instructed that "[b]ecause a defense based on the ... statute of limitations ... is valid even when the prosecution can prove all statutory elements of the crime, the prosecution is required to prove time as an additional aspect or element of its case." *State v. Fulton*, 742 P.2d 1208, 1213 (Utah 1987). Here, because Defendant raised a statute of limitations defense, time became an element of the offense, and the trial court resolved this factual element in favor of Defendant-i.e., determining that the State could not prove that the ten counts of aggravated sexual abuse of a child occurred at a time prior to the running of the statute of limitations. Thus, the trial court's dismissal with prejudice resolved an element of the offense in favor of Defendant, and such ruling is an acquittal of the ten counts of aggravated

---

1. "[Defendant's] brief refers to both the state and federal constitutional provisions [regarding double jeopardy]. His brief, however, offers no basis for independent reliance on the state constitution. Therefore, we address only the federal

provision." *State v. Jensen*, 818 P.2d 551, 552 n. 2 (Utah 1991); *see also State v. Rynhart*, 2005 UT 84, ¶ 12, 125 P.3d 938. We do not, however, intend to imply that the result would be different under the corresponding state provision.

sexual abuse of a child, regardless of the actual title placed on the ruling.

■ ¶ 11 We next address whether such an acquittal bars further prosecution of the crime. The Supreme Court case *United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), is instructive. In that case, an indictment was dismissed on the ground that the charge was barred by the statute of limitations. *See id.* at 86, 37 S.Ct. 68. The Supreme Court determined that such an acquittal barred further prosecution, reasoning that

> [i]t cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the Government's consent before a jury is empaneled....

*Id.* at 87, 37 S.Ct. 68. Thus, although "there had been no trial at all in the conventional sense, but merely a motion to dismiss, apparently without the reception of any evidence," the acquittal in *Oppenheimer* still barred future prosecution for the same offense. *United States v. Hill*, 473 F.2d 759, 762 (9th Cir. 1972).

¶ 12 Although we readily acknowledge that many, if not most, decisions prior to trial do not have double jeopardy implications,[2] we agree with the *Oppenheimer* Court that in the rare cases in which a pretrial decision functions as an acquittal, further prosecution is barred.

> Of course the quashing of a bad indictment is no bar to a prosecution upon a good one, but a judgment for the defendant upon the ground that the prosecution is barred goes to his liability as matter of substantive law and one judgment that he is free as matter of substantive law is as good as another. A plea of the statute of limitations is a plea to the merits, and however the issue was raised in the former case, after judgment upon it, it could not be reopened in a later prosecution.

*Oppenheimer*, 242 U.S. at 87–88, 37 S.Ct. 68 (citation omitted). Thus, the dispositive question is whether an acquittal has occurred, that is, whether "the judge ha[s] rendered a decision for the defendant 'as a matter of substantive law.'" *Hill*, 473 F.2d at 762. The ruling here was a decision of substantive law, regardless of the point in the proceeding at which it was made. Thus, the acquittal on the originally filed ten counts of aggravated sexual abuse of a child barred later prosecution of the subsequently filed ten counts of the lesser included offense, sexual abuse of a child. *See generally Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("Whatever the sequence may be, the Fifth Amendment for-

---

2. The State's argument regarding the point at which jeopardy traditionally attaches is well taken. *See generally Bernat v. Allphin*, 2005 UT 1, ¶ 10, 106 P.3d 707 ("In jury trials, jeopardy attaches after a jury has been selected and sworn. In bench trials, jeopardy attaches after the first witness is sworn and the court begins to hear evidence." (citations omitted)). We also recognize that the United States Supreme Court has not specifically addressed whether jeopardy attaches to this type of pretrial acquittal, and that this void "has engendered division amongst the commentators, as well as a conflict among the Courts of Appeals." *Rodrigues v. Hawaii*, 469 U.S. 1078, 1080–81, 105 S.Ct. 580, 83 L.Ed.2d 691 (1984) (Brennan, J., dissenting) (footnote omitted), *denying cert. to* 67 Haw. 70, 679 P.2d 615 (1984). The Supreme Court has, however, addressed the great weight given to acquittals in general:

> An acquittal is accorded special weight. The constitutional protection against double jeopardy unequivocally prohibits a second trial fol-

lowing an acquittal, for the public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though the acquittal was based upon an egregiously erroneous foundation. If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair. The law attaches particular significance to an acquittal.

*United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (quotations and citations omitted). And we agree with Justices Brennan and Marshall that such principles "strongly suggest that jeopardy does attach to [these pretrial] acquittals and that it is of no consequence that the defendant's acquittal occurred before the formal commencement of trial." *Rodrigues*, 469 U.S. at 1080, 105 S.Ct. 580 (Brennan, J., dissenting). Moreover, it is significant that a pretrial acquittal based upon the final resolution of a fact issue in the defendant's favor is the functional equivalent of having had a trial and having been acquitted.

bids successive prosecution and cumulative punishment for a greater and lesser included offense.").

¶ 13 We recognize that "[i]t may be that in *Oppenheimer* the Court was applying *res judicata* or collateral estoppel rather than, or as much as, double jeopardy, although that is by no means clear." *Hill*, 473 F.2d at 762. But regardless of the theory relied upon, the Supreme Court determined that further prosecution was barred after a pretrial decision for the defendant as a matter of substantive law. *See Oppenheimer*, 242 U.S. at 87–88, 37 S.Ct. 68. Further, even without reliance on *Oppenheimer*, or on any constitutional double jeopardy principles for that matter, subsequent prosecution after a pretrial acquittal is also clearly barred under the provisions of the Utah Criminal Code that are discussed below, which provisions are consistent with *Oppenheimer*.

■ ¶ 14 Utah Code section 76–1–402(1) provides that when a defendant's act "establish[es] offenses which may be punished in different ways under different provisions of this code, the act shall be punishable under only one such provision; an acquittal ... under any such provision bars a prosecution under any other such provision." Utah Code Ann. § 76–1–402(1) (2003). And section 76–1–402(3) specifies that "[a] defendant ... may not be convicted of both the offense charged and the included offense." *Id.* § 76–1–402(3). Further, section 76–1–403(1) provides that when a defendant has been prosecuted for one offense, a later prosecution for a lesser included offense "is barred if ... [t]he former prosecution ... resulted in acquittal." *Id.* § 76–1–403(1) (2003). Thus, an acquittal on the greater offense bars prosecution for the lesser included offense. And finally, consistent with the federal authorities discussed above, under the Utah Criminal Code, a determination that an element of the offense cannot be proven is an acquittal. *See id.* § 76–1–403(2) ("There is an acquittal if the prosecution resulted in ... a determination that there was insufficient evidence to

warrant conviction."). Therefore, the trial court's dismissal with prejudice of the initial ten counts of aggravated sexual abuse of a child was an acquittal, and as such, it barred subsequent prosecution for lesser included offenses arising from the same acts.

## CONCLUSION

¶ 15 The trial court's dismissal with prejudice of the original charges as time-barred by the statute of limitations was a resolution of a factual element of the offense and was a decision for Defendant as a matter of substantive law. Therefore, this decision functions as an acquittal on those charges and bars future prosecution for those charges, including prosecution of the charges of the lesser included offense arising from the same set of facts. Accordingly, we reverse the trial court's denial of Defendant's Motion to Dismiss Amended Information, and we remand to the trial court to dismiss the Amended Information and this case.[3]

¶ 16 I CONCUR: JUDITH M. BILLINGS, Judge.

BENCH, Presiding Judge (dissenting):

¶ 17 I respectfully dissent. Neither *United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), nor Utah statutory law compels the result reached here by the majority.

¶ 18 My colleagues have failed to cite even one case decided in the ninety-one years since *Oppenheimer* that applies *Oppenheimer* in the way that they do. The majority recognizes that the dearth of case law to support its reading of *Oppenheimer* is problematic. While relying on *United States v. Hill*, 473 F.2d 759 (9th Cir.1972), one of the only cases cited to in support of its position, the majority acknowledges the unclear legal reasoning in *Oppenheimer*. *See id.* at 762 (stating that it is not clear whether *Oppenheimer* is based on res judicata or double jeopardy). There is other case law, most notably *Paradise v. CCI Warden*, 136 F.3d

---

3. Because we determine that the constitutional protection against double jeopardy and Utah statutory law bar prosecution of the charges contained in the Amended Information, we do not

reach Defendant's due process argument, grounded in *State v. Brickey*, 714 P.2d 644 (Utah 1986), or his contention that the sexual abuse of a child charges are also time-barred.

331 (2nd Cir.1998), suggesting that *Oppenheimer* should not be a bar here. *See id.* at 337. In *Paradise,* the Second Circuit affirmed the trial court's decision to permit the State to prosecute the defendant for capital murder after the original charges for felony murder were dismissed because the applicable statute of limitations had run. *See id.* at 333–34. In addressing the "due process 'overtones' in Justice Holmes' Oppenheimer opinion," the Second Circuit stated that *Oppenheimer* did not apply because the State was seeking for the first time to litigate the defendant's guilt for, or innocence of, the new crime charged and was not looking for a second chance to proceed on the original charges. *See id.* at 337.

¶ 19 The majority also relies on Utah Code section 76–1–403 in deciding that the State should be barred from prosecuting Defendant for sexual abuse of a child based on the same facts as the dismissed aggravated charges. Section 76–1–403(1) outlines the circumstances whereby a defendant, who "has been prosecuted for one or more offenses arising out of a single criminal episode," may not be subsequently prosecuted "for the same or a different offense arising out of the same criminal episode." Utah Code Ann. § 76–1–403(1) (2003). To be barred, a subsequent prosecution must be "for an offense that was or should have been tried . . . in the former prosecution," and the former prosecution:

> (i) resulted in acquittal; or
>
> (ii) resulted in conviction; or
>
> (iii) was improperly terminated; or
>
> (iv) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution.

*Id.* § 76–1–403(1)(a)–(b).

¶ 20 In the present case, the majority has equated the dismissal of the former prosecution on statute of limitations grounds to an acquittal, thereby barring subsequent prosecution of Defendant for any crimes arising out of the same criminal episode. However, the dismissal here is not in line with the statute's definition of an acquittal: "There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of facts or in a determination that there was insufficient evidence to warrant conviction." *Id.* § 76–1–403(2). In dismissing the aggravated charges, the trial court did not make a determination of guilt or innocence and did not conclude that the evidence was insufficient. The trial court merely responded to a pretrial concession that the applicable statute of limitations had run on the aggravated sexual abuse charges. Such court action does not amount to an acquittal under section 76–1–403(1)(b)(i).

¶ 21 The dismissal therefore falls under the type of court action described in section 76–1–403(1)(b)(iv) because the prosecution "was terminated by a final order or judgment for the defendant." *Id.* § 76–1–403(1)(b)(iv). Subpart (b)(iv) prevents subsequent prosecution only when the final order terminating the former prosecution "necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution." *Id.* Here, the State's subsequent prosecution of Defendant does not require proving any fact that would be inconsistent with the trial court's dismissal of the aggravated charges because the statute of limitations on which the dismissal was based does not apply to the crime of sexual abuse of a child.

¶ 22 The Utah Supreme Court has previously acknowledged the existence of the precise problem presented in the instant case: whether a defendant may be prosecuted for sexual abuse of a child after charges of aggravated sexual abuse of a child have been dismissed for falling outside the applicable statute of limitations. *See State v. Lusk,* 2001 UT 102, ¶¶ 32–33, 37 P.3d 1103. The supreme court did not decide the issue in that case because it was "beyond the scope of review," but the issue is squarely presented in the instant appeal. *Id.* at ¶ 32.

¶ 23 Defendant's guilt or innocence relating to the charges of sexual abuse of a child has not been previously adjudicated and the applicable Utah statute does not bar the proposed subsequent prosecution because the

statute of limitations does not apply to the newly charged crimes. I therefore cannot agree to reverse on grounds that Defendant has previously been acquitted of the crimes charged in the Amended Information.