2009 UT 9

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Dwight CAHOON, Defendant and Respondent.**

No. 20070799.

Supreme Court of Utah.

Feb. 10, 2009.

Mark L. Shurtleff, Att'y Gen., Christopher D. Ballard, Asst. Att'y Gen., Tony C. Baird, Logan, for plaintiff.

John T. Caine, Randall W. Richards, Ogden, for defendant.

DURRANT, Associate Chief Justice:

## INTRODUCTION

¶ 1 The State filed two informations against Mr. Dwight Cahoon based on the same criminal acts. In the original information, the State asserted ten counts of aggravated sexual abuse of a child and ten counts of forcible sexual abuse. When Cahoon moved for dismissal on statute of limitations grounds, the State conceded that the statute had run on the charges in the original information, but the State simultaneously filed an amended information charging Cahoon with

ten counts of sexual abuse of a child, a crime for which the State contended the statute of limitations had not run.

¶ 2 The district court thereafter dismissed the original information, but the court denied Cahoon's motion to dismiss the amended information, rejecting his argument that the charges alleged in the amended information were precluded by the statute of limitations and the double jeopardy clauses of the Utah and United States constitutions.

¶ 3 Cahoon then entered a conditional guilty plea to two counts in the amended information. The district court sentenced him to two concurrent terms of one to fifteen years, but stayed the sentence pending his appeal. The court of appeals reversed Cahoon's conviction, holding that the amended charges violated his right to be free from double jeopardy. We reverse, concluding that jeopardy had not attached at the time the district court dismissed the original information.

## BACKGROUND

¶ 4 In 2004, Ms. Nancy Lucchetti contacted the Logan City Police Department and alleged acts of sexual abuse by Cahoon, her brother-in-law, between the years of 1989 and 1992. Lucchetti was twelve years old in 1989. Subsequent to Lucchetti's allegations, Cahoon admitted to police that he had indeed committed acts of sexual abuse against Lucchetti on some fifteen to twenty occasions.

¶ 5 Shortly after Lucchetti made these allegations, the State charged Cahoon by information with ten counts of aggravated sexual abuse of a child and ten counts of forcible sexual abuse. Cahoon moved to dismiss all of the charges on the ground that the statute of limitations had expired. In response, the State conceded that the statute had run on the original charges. Simultaneously, the State submitted an amended information, charging Cahoon with ten counts of sexual abuse of a child, a crime for which the State contended the statute of limitations had not run. The charges in the amended information were based upon the same conduct that supported the original charges. Subsequently, the trial judge dismissed with prejudice the original charges.

¶ 6 Cahoon then moved to dismiss the amended charges on the following grounds: the statute of limitations had also run on the amended charges and the amended charges violated Cahoon's right to be free from double jeopardy. The district court ruled against Cahoon on both grounds.

¶ 7 After the court's ruling, Cahoon entered conditional guilty pleas to two counts in the amended information. The district court then sentenced him to two concurrent terms of one to fifteen years at the Utah State Prison, but stayed execution of the sentence and granted him a certificate of probable cause.

¶ 8 Cahoon timely appealed, raising double jeopardy and due process claims based on the United States and Utah constitutions.[1] The court of appeals held that the amended charges violated Cahoon's federal constitutional right to be free from double jeopardy.[2] Specifically, the court of appeals held that Cahoon's case was a rare circumstance where a pretrial dismissal was the functional equivalent of an acquittal because it resolved a factual element of the crime—time.[3] To support its holding, the court of appeals relied on *United States v. Oppenheimer*, wherein the United States Supreme Court held that the government could not re-charge an accused with charges identical to those that were dismissed as barred by the statute of limitations.[4] The court of appeals also grounded its holding in Utah statutory pro-

---

1. The court of appeals indicated in its opinion, however, that Cahoon's brief offered "no basis for independent reliance on the state constitution." *State v. Cahoon*, 2007 UT App 269, ¶ 8 n. 1, 167 P.3d 533 (internal quotation marks omitted). Accordingly, the court of appeals did not conduct a state constitutional analysis. Before us, Cahoon has not advanced a state constitutional argument, and we, therefore, do not address the issue either.

2. *Cahoon*, 2007 UT App 269, ¶ 1, 167 P.3d 533.

3. *Id.* ¶¶ 11–12.

4. *Id.* (discussing *United States v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S.Ct. 68, 61 L.Ed. 161 (1916)).

tections against double jeopardy, which provide that, once acquitted, a defendant cannot be charged again for the same criminal act.[5]

¶ 9 We granted the State's petition for certiorari to review the court of appeals' decision. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(a) (2008).

## STANDARD OF REVIEW

¶ 10 On certiorari, "[w]e review the court of appeals' decision for correctness and give its conclusions of law no deference."[6]

## ANALYSIS

¶ 11 In this case, the Double Jeopardy Clause of the United States Constitution precludes prosecution based on the amended information only if (1) jeopardy had attached at the time of the pretrial dismissal of the original information[7] and (2) the district court's dismissal of the original information on statute of limitations grounds functioned as an acquittal.[8] Because we hold that jeopardy had not attached at the time of the pretrial dismissal, we do not reach the question of whether a dismissal of charges as barred by the statute of limitations would function as an acquittal if the determination were made after jeopardy attached.

¶ 12 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides in relevant part: "[n]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." "[T]he 'controlling constitutional principle'" underlying the Double Jeopardy Clause is the "prohibition[ ] against multiple trials."[9] Accordingly, double jeopardy protections attach only "when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence."[10] These two parallel stages in the legal process are the functional equivalent of one another and differ only because the accused may elect either a jury trial or a bench trial. Regardless of the form of the trial, "jeopardy does not attach until a defendant is 'put to trial before the trier of the facts.'"[11]

¶ 13 A majority of the court of appeals panel reversed the district court's ruling that jeopardy had not attached and held that the State's amended information violated Cahoon's right to be free from double jeopardy.[12] Working under the principle that the Double Jeopardy Clause "'protects against a second prosecution for the same offense after acquittal,'"[13] the majority relied upon *United States v. Oppenheimer*[14] in concluding that Cahoon's case is a "rare case[ ] in which a pretrial decision functions as an acquittal" and bars "further prosecution."[15] Judge

5. *Id.* ¶ 14 (citing Utah Code Ann. § 76–1–403 (2003)).

6. *Bluemel v. State*, 2007 UT 90, ¶ 9, 173 P.3d 842 (internal quotation marks omitted).

7. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 570, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (stating that a threshold consideration to applying double jeopardy protection is a determination of whether "the accused has actually been placed in jeopardy").

8. *Id.* at 571, 97 S.Ct. 1349 ("Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.'" (alterations in original) (quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896))).

9. *Martin Linen Supply Co.*, 430 U.S. at 569, 97 S.Ct. 1349 (quoting *United States v. Wilson*, 420 U.S. 332, 346, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975)).

10. *Id.* (citing *Illinois v. Somerville*, 410 U.S. 458, 471, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973)).

11. *Serfass v. United States*, 420 U.S. 377, 391, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (quoting *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970)).

12. *State v. Cahoon*, 2007 UT App 269, ¶ 15, 167 P.3d 533.

13. *Id.* ¶ 8 (quoting *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306–07, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984)).

14. 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916).

15. *Cahoon*, 2007 UT App 269, ¶ 12, 167 P.3d 533. Implicit in the court of appeals' holding is the notion that if a decision functions as an acquittal, then jeopardy necessarily attaches. We disagree. The rule that double jeopardy "protects against a second prosecution for the same offense after acquittal," *Justices of Boston Mun. Court*, 466 U.S. at 306–07, 104 S.Ct. 1805,

Bench, dissenting, opined that *Oppenheimer* did not support the position adopted by the majority.[16] He recognized a split among the circuits on the issue,[17] but concluded that the better-reasoned position was that the holding in *Oppenheimer* rested on the principle of collateral estoppel, not double jeopardy.[18] This division among the court of appeals panel is a reflection of the disagreement between the federal circuits on the question of whether jeopardy may attach at the time of a pretrial dismissal.[19] Reviewing the text of *Oppenheimer* and subsequent Supreme Court precedent, we conclude, as did Judge Bench, that *Oppenheimer* was, in fact, based on principles of collateral estoppel, not double jeopardy, and that jeopardy does not attach at pretrial proceedings.

¶ 14 *Oppenheimer* is a 1916 United States Supreme Court case wherein the government brought charges against an accused that were identical to charges a trial court had previously dismissed on statute of limitations grounds.[20] Oppenheimer challenged the second prosecution on the ground that the offense had already been dismissed for failure to prosecute within the statute of limitations.[21] The trial court granted Oppenheimer's motion.[22] On appeal, the government argued that the trial court erred in quashing the second indictment because the trial court applied "res judicata," a doctrine that "does not exist for criminal cases except in the modified form of the Fifth Amendment." [23] The United States Supreme Court held that

---

must be read in combination with the rule that the "state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence," *Martin Linen Supply Co.*, 430 U.S. at 569, 97 S.Ct. 1349. The logical conclusion of reading these two rules together is that pretrial determinations are not acquittals for purposes of double jeopardy analysis. This conclusion leaves open the question of whether the same determination, if made after a trial commenced, could function as an acquittal. We do not reach this question.

**16.** *Id.* ¶ 18 (Bench, J., dissenting).

**17.** *Id. Compare United States v. Hill*, 473 F.2d 759, 762 (9th Cir.1972) (holding that a pretrial dismissal on statute of limitations grounds bars a subsequent prosecution of the same criminal activity) *with Paradise v. CCI Warden*, 136 F.3d 331, 337 (2d Cir.1998) (suggesting that *Oppenheimer* does not bar subsequent charges after a dismissal on statute of limitations grounds provided that the subsequent charges are different from the original charges).

**18.** *Cahoon*, 2007 UT App 269, ¶ 18, 167 P.3d 533.

**19.** *See Rodrigues v. Hawaii*, 469 U.S. 1078, 1080–81, 105 S.Ct. 580, 83 L.Ed.2d 691 (1984) (Brennan, J., dissenting from the denial of the petition for writ of certiorari) ("[W]hether jeopardy attaches to an acquittal ... that occurred prior to the empaneling of a jury or the calling of the first witness" is an issue that "has engendered division amongst the commentators as well as a conflict among the Courts of Appeals.").

**20.** 242 U.S. at 85–86, 37 S.Ct. 68.

**21.** *Id.* at 86, 37 S.Ct. 68.

**22.** *Id.*

**23.** *Id.* at 87, 37 S.Ct. 68. " 'Res judicata' is the term traditionally used to describe two discrete effects: ... claim preclusion ... and ... issue preclusion, long called 'collateral estoppel.' " *Baker by Thomas v. GMC*, 522 U.S. 222, 233 n. 5, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). The Court in *Oppenheimer* wrote in terms of "res judicata." 242 U.S. at 87, 37 S.Ct. 68. Courts interpreting *Oppenheimer* used the term "collateral estoppel" in conducting their analysis. *See, e.g., Ashe v. Swenson*, 397 U.S. 436, 464, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (Burger, J., dissenting) ("The majority rests its holding in part on a series of cases beginning with *United States v. Oppenheimer*, ... which did not involve constitutional double jeopardy but applied *collateral estoppel* as developed in civil litigation to federal criminal prosecutions as a matter of this Court's supervisory power over the federal court system." (emphasis added)); *United States v. Dionisio*, 503 F.3d 78, 85 (2d Cir.2007); *United States v. Keller*, 624 F.2d 1154, 1157 (3d Cir.1980). In our analysis in this case, we will use the term "collateral estoppel."

Collateral estoppel "prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit." *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 28, 194 P.3d 956 (citation and internal quotation marks omitted). The Fifth Amendment Double Jeopardy Clause prevents, in relevant part, "a second prosecution for the same offense after acquittal." *Justices of Boston Mun. Court*, 466 U.S. at 306, 104 S.Ct. 1805. Therefore, in the criminal context, collateral estoppel prevents subsequent prosecution with charges that were previously dismissed, and double jeopardy prevents subsequent prosecution with any charges of the same criminal activity after the defendant has been acquitted.

a criminal defendant is protected by both collateral estoppel and double jeopardy:

> It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt.[24]

Having established that a criminal defendant is protected by collateral estoppel, the Court then held that collateral estoppel protected Oppenheimer from the prosecution of charges *identical* to those originally barred by a finding that they violated the statute of limitations:

> [A] judgment for the defendant upon the ground that the prosecution is barred goes to his liability as a matter of substantive law and one judgment that he is free as matter of substantive law is as good as another. A plea of the statute of limitations is a plea to the merits, ... and however the issue was raised in the former case, after judgment upon it, it could not be reopened in a later prosecution.... "Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, that adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offence.... In this respect the criminal law is in unison with that which prevails in civil proceedings."[25]

Thus, the Court in *Oppenheimer* discussed both double jeopardy and collateral estoppel but held that collateral estoppel, not double jeopardy, barred the government from bringing identical charges against a defendant after a pretrial dismissal. Accordingly, we conclude that the court of appeals' interpre-

tation of *Oppenheimer*—that double jeopardy bars subsequent prosecution after charges are dismissed for violating the statute of limitations—is incorrect.[26] Rather, we determine that *Oppenheimer* stands for the principle that collateral estoppel prevents the government from bringing *identical* charges against a defendant if the original charges were dismissed for violating the statute of limitations.[27]

¶ 15 Subsequent United States Supreme Court precedent supports our reading of *Oppenheimer*. In *Ashe v. Swenson*, the Court stated, "Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in *United States v. Oppenheimer*."[28] Further, the Court has repeatedly articulated that double jeopardy does not attach until a trial begins.[29] Therefore, a criminal defendant who has not yet been on trial is protected against a subsequent prosecution by collateral estoppel, not double jeopardy.

¶ 16 Utah's statutory double jeopardy protection, likewise, does not attach at pretrial proceedings. Under section 76–1–403(1)(b)(i) of the Utah Code, a criminal defendant is protected from subsequent prosecutions for the same criminal act after acquittal. Section 76–1–403(2) states that an acquittal occurs if the prosecution "resulted in a finding of not guilty by the trier of facts or in a determination that there was insufficient evidence *to warrant conviction.*" (Emphasis added.) A pretrial determination of the sufficiency of the evidence resolves the question of whether the defendant may be bound over for trial, not whether the defen-

---

24. *Oppenheimer*, 242 U.S. at 87, 37 S.Ct. 68.

25. *Id.* at 87–88, 37 S.Ct. 68 (alterations in original) (quoting Hawkins, J., in *The Queen v. Miles* (1890), 24 Q.B.D. 423, 431).

26. *Cahoon*, 2007 UT App 269, ¶ 12, 167 P.3d 533.

27. *See Oppenheimer*, 242 U.S. at 87–88, 37 S.Ct. 68.

28. 397 U.S. at 443, 90 S.Ct. 1189.

29. *See, e.g., Schiro v. Farley*, 510 U.S. 222, 230, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994); *Martin*

*Linen Supply Co.*, 430 U.S. at 569, 97 S.Ct. 1349; *United States v. Wilson*, 420 U.S. 332, 336, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *see also Rodrigues v. Hawaii*, 469 U.S. 1078, 1081, 105 S.Ct. 580, 83 L.Ed.2d 691 (1984) (Brennan, J., dissenting from the denial of the petition for writ of certiorari) (citing 1 W. LaFave & J. Israel, *Criminal Procedure* § 24.3, pp. 82–83 (1984) for the proposition that jeopardy does not attach to pretrial decisions).

dant may be convicted. Only a trial carries the jeopardy of a conviction by the trier of fact; therefore, only at a trial does Utah's statutory double jeopardy protection attach.

¶ 17 Accordingly, we hold that, because the State brought different charges against Cahoon in the amended information, neither *Oppenheimer* nor the doctrine of collateral estoppel applies in this case. Further, Cahoon's double jeopardy protections do not bar the counts in the amended information because jeopardy does not attach prior to trial.

### CONCLUSION

¶ 18 We reverse the court of appeals' decision and remand this case to the district court for further proceedings consistent with this opinion. Because we hold that jeopardy had not attached at the time of the pretrial dismissal, we do not reach the question of whether a dismissal on double jeopardy grounds may function as an acquittal after jeopardy has attached. Reversed.

¶ 19 Chief Justice DURHAM, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice DURRANT'S opinion.