The STATE of Utah, By and Through UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Appellant,

v.

Tirso TOLEDO, Defendant and Respondent.

No. 20059.

Supreme Court of Utah.

March 12, 1985.

Ted Cannon, Co. Atty., Sandy Mooy, Asst. Co. Atty., Salt Lake City, for plaintiff and appellant.

Tirso Toledo, pro se.

PER CURIAM:

This is an appeal from an order of the district court dismissing plaintiff's complaint for failure to join an indispensable party.

Plaintiff brought this action under the Uniform Act on Paternity [1] to obtain reimbursement of public funds expended for the support of a minor child. The complaint was supported by an affidavit of the child's mother naming defendant as the child's father. Defendant filed an answer denying paternity. After discovery (including blood tests), the matter was certified for trial. Thereafter, defendant moved to join the child's mother as an indispensable party, and plaintiff stipulated that it had no objection to the joinder.[2] Defendant later moved to dismiss the complaint on the ground that *plaintiff* had failed to join an indispensable party—the child's mother. The trial court granted defendant's motion, and plaintiff appealed.[3]

 U.C.A., 1953, § 78–45a–2 provides that "[p]aternity may be determined upon the petition of the mother, child, or the public authority chargeable by law with the support of the child." Of similar import is U.C.A., 1953, § 78–45a–5(2), which specifically provides that "the state department of social services may proceed on behalf of the obligee or in its own behalf pursuant to the provisions of chapter 45b of this title to enforce that right of support against the obligor." A pertinent provision of chapter 45b (U.C.A., 1953, § 78–45b–3(2)) provides that "[f]or purposes of prosecuting any action pursuant to this act, the department shall be deemed a real party in interest upon the payment of any support." Plaintiff in the instant case is therefore statutorily authorized to proceed solely on its own behalf.

Nothing in our Rules of Civil Procedure requires a contrary result. Utah R.Civ.P. 19(a) provides that "persons having a joint interest shall be made parties and be joined...." In the instant case, however, plaintiff and the child's mother do not share a joint interest. By accepting support on behalf of her child, the mother has assigned to plaintiff the right to collect support. U.C.A., 1953, § 78–45b–3. Hence, although the child's mother may be a necessary witness, she is not an indispensable party.[4]

Finally, for even a broader reason, dismissal in the instant case was not warranted. Defendant moved to join the mother as a party, and the plaintiff stipulated that it had no objection. Having indicated that he would join the mother, defendant cannot fairly argue that the complaint should be dismissed for plaintiff's failure to join the mother.

The order of dismissal is reversed, and the case is remanded for trial. No costs awarded.

1. U.C.A., 1953, § 78–45a–1, *et seq.*

2. In its brief on appeal, plaintiff represents that defendant's motion was granted at an unreported hearing. For the purposes of this appeal, we will assume the motion was never ruled upon since there is nothing in the record to indicate either a grant or a denial of the motion.

3. Defendant has elected not to file a brief on appeal.

4. *See Provident Bank v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).