2001 UT App 403

**STATE of Utah, in the Interest of R.M., E.M., and E.M., persons under eighteen years of age.**

**Guardian Ad Litem, Appellee,**

v.

**State of Utah, Appellant.**

**No. 20000855–CA.**

Court of Appeals of Utah.

Dec. 20, 2001.

---

Mark L. Shurtleff and Carol L. Verdoia, Salt Lake City, for Appellant.

Martha Pierce, Salt Lake City, for Appellee.

Before GREENWOOD, Presiding Judge, and BENCH, and THORNE, Jr., JJ.

OPINION

GREENWOOD, Presiding Judge:

¶ 1 The State, Division of Child and Family Services (DCFS), argues the juvenile court erred ordering DCFS to pay the expert witness fee of a witness called by the Guardian ad Litem (the Guardian) in a trial on the Guardian's petition to remove the children from their home and place them in DCFS custody. Prior to trial, DCFS informed the expert witness that it would not pay her fee and would not call her as a witness. The juvenile court denied the Guardian's petition and ordered that the children remain with their father, but ordered DCFS to pay the expert witness fee. We affirm.

**BACKGROUND**

¶ 2 C.R.M. (Father) and K.G.P–C. (Mother) are the parents of R.M., E.M., and E.M. From 1987 through 1992, DCFS received and substantiated several referrals regarding the family. Father and Mother separated and Father was granted custody by the State of Arizona; however, the children remained with Mother for a period of time. After DCFS received other referrals, DCFS removed the children from Mother's home in February 1997. Custody was granted to Father under protective supervision.

¶ 3 On July 2, 1999, the Guardian filed a verified petition alleging that Father had abused and neglected the children and seeking DCFS custody of the children. DCFS recommended an evaluation be conducted to ascertain the condition of the family. The Guardian filed a Motion to Appoint an Expert Witness and requested that the juvenile court order DCFS to pay the expert witness costs.

¶ 4 DCFS and the Guardian agreed that Dr. Mercedes Reisinger would evaluate the parents and children, and DCFS would pay the cost of evaluation. In a pretrial order, the juvenile court addressed the expert witness issue:

The Court agreed that the appointment of an expert witness would be helpful in this matter, and the Division and the guardian *ad litem* indicated that they would be able to coordinate their efforts and also work

with appointed counsel and select an appropriate evaluator obviating any need for the Court to make its own designation.

. . . .

2. The Division and the guardian *ad litem*, shall cooperate with each other and with appointed counsel in promptly selecting an appropriate person to conduct a custody evaluation in this matter to determine whether or not it is in the best interests of the children to remove them from their father's custody.

In a second pre-trial order the juvenile court stated, "The Court was informed that DCFS had arranged for a custody evaluation to be performed by Dr. Mercedes Reisinger." In its answer to the Guardian's petition, DCFS objected to the Guardian's request that the children be removed from the home. Dr. Reisinger conducted the evaluation on the family. DCFS had Dr. Reisinger on its witness list originally, but removed her from its second witness list. DCFS also informed Dr. Reisinger that it would not elicit her testimony at trial and would not pay her if she were called to testify. Dr. Reisinger testified at trial after the guardian called her.

¶ 5 The trial lasted several days spanning February through July of 2000. The Guardian filed a motion requesting that DCFS pay Dr. Reisinger's expert witness fee. DCFS objected. The juvenile court denied the Guardian's petition and ordered that Father retain custody. Additionally, the trial court found Dr. Reisinger's testimony to be helpful and ordered DCFS to pay her witness fee.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The sole issue on appeal is whether the juvenile court erred when it ordered DCFS to pay Dr. Reisinger's expert witness fee. "Generally, 'the determination to award taxable costs is within the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion.'" *Lyon v. Burton*, 2000 UT 19, ¶ 76, 5 P.3d 616 (quoting *Ong Int'l (U.S.A.), Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 460 (Utah 1993) (citations omitted), *modified and reh'g*

*denied*, 2000 UT 55, 5 P.3d 616). However, "the reasons for the trial court's decisions [regarding the Guardian's] requests for costs are legal determinations," which we review for correctness. *Id.* DCFS further argues that it is "an agency of the [S]tate . . . no statute or court ruling permitted costs to be imposed against the [State]. We review this conclusion for correctness without deference" to the trial court. *Id.*

## ANALYSIS

¶ 7 "Under Utah R. Civ. P. 54(d)(1) costs against the State of Utah may be awarded only upon express statute or rule allowing such award." *Department of Soc. Serv. v. Ruscetta*, 742 P.2d 114, 117 (Utah Ct.App. 1987); *see also* Utah R. Civ. P. 54(d)(1); *Tracy v. Peterson*, 1 Utah 2d 213, 265 P.2d 393, 396 (1954). DCFS argues that no statute or rule provides the trial court with authority to order DCFS to pay the costs of Dr. Reisinger's expert testimony.

¶ 8 DCFS argues that the Guardian, having called Dr. Reisinger, must pay her expert witness fee. DCFS relies on a portion of Utah Code Ann. § 21–5–14.5 (1998)[1], which states: "The parties may call expert witnesses of their own at their own expense." Utah Code Ann. § 78–46–33(3) (Supp.2001). DCFS contends that the Guardian, and hence, the juvenile court is responsible for these costs and cites sections 78–3a–912 and 78–7–9. *See* Utah Code Ann. § 78–3a–912(6)(a) (Supp.2001) ("The juvenile court is responsible for all costs resulting from the appointment of an attorney guardian ad litem and the costs of volunteer, paralegal, and other staff appointment and training, and shall use funds appropriated by the Legislature for the guardian ad litem program to cover those costs."); Utah Code Ann. § 78–7–9(5) (Supp.2001) ("The court is responsible for all costs resulting from the appointment of an attorney guardian ad litem and shall use funds appropriated by the Legislature for the guardian ad litem program to cover those costs.").

---

1. This section has been subsequently renumbered. *See* Utah Code Ann. § 78–46–33 (Supp.

2001). Because the language of the statute remains unchanged, we cite the current version.

¶ 9 The Guardian responds the trial court has the authority to order DCFS to pay the expert witness fee. The Guardian argues this outcome is supported by the plain language of section 78–46–33, which states:

(1) The court may appoint any expert witness agreed upon by the parties or of its own selection.

. . .

(2) The appointed expert shall advise the court and the parties of findings and may be called to testify by the court or by any party. The expert witness is subject to cross-examination by each party.

(3) The court shall determine the reasonable compensation of the expert and order payment. . . .

*Id.* The Guardian argues that Dr. Reisinger was a court appointed expert witness, and the juvenile court has the authority to order DCFS to pay her expenses. We agree.

¶ 10 The juvenile court stated:

the appointment of an expert witness would be helpful in this matter, and the Division and the guardian *ad litem* indicated that they would be able to coordinate their efforts and also work with appointed counsel and select an appropriate evaluator obviating any need for the Court to make its own designation.

The trial court also ordered that "[t]he Division and the guardian *ad litem,* shall cooperate with each other . . . in promptly selecting an appropriate person." The language of the juvenile court order indicates that the juvenile court believed an expert was necessary and that the selection of the expert by DCFS and the Guardian would prevent the need for the trial court to appoint an expert of its choosing. In sum, Dr. Reisinger became the court appointed expert when the parties selected her to evaluate the family in accordance with the juvenile court's order.

¶ 11 Because Dr. Reisinger was the court appointed expert, section 78–46–33(3) allows the juvenile court to order payment of her expert witness fee. Subsection (3) states: "The court shall determine the reasonable compensation of the expert and order payment." Utah Code Ann. § 78–46–33(3). The plain language of this subsection grants the juvenile court authority to determine the amount of the expert witness fee and the party responsible for paying the fee. Thus, the juvenile court has statutory authority to order the State, through DCFS, to pay an expert witness fee. In this case, the juvenile court properly ordered DCFS to make payment, and we find no abuse of discretion in that order.

## CONCLUSION

¶ 12 Utah Code Ann. § 21–5–14.5 (1998), now Utah Code Ann. § 78–46–33 (Supp.2001), authorizes a juvenile court to appoint an expert witness. This section further authorizes the juvenile court to determine the fee of the expert witness and order any or all of the parties to pay this fee. In the present case, the juvenile court implicitly appointed the expert witness and acted within its discretion in ordering DCFS to pay the expert witness fee.

¶ 13 Accordingly, we affirm the decision of the juvenile court.

¶ 14 WE CONCUR: RUSSELL W. BENCH, Judge, WILLIAM A. THORNE, Jr., Judge.