2013 UT App 40

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

TROY MUNK SOMMERVILLE,

*Defendant and Appellant.*

Opinion
No. 20081042-CA
Filed February 22, 2013

Third District, Salt Lake Department
The Honorable Paul G. Maughan
No. 071902557

Charles A. Schultz, Attorney for Appellant
John E. Swallow and Jeffrey S. Gray, Attorneys for Appellee

JUDGE STEPHEN L. ROTH authored this Opinion,
in which JUDGE CAROLYN B. MCHUGH concurred.
JUDGE JAMES Z. DAVIS concurred in the result.

ROTH, Judge:

¶1     This case originated as an interlocutory appeal from the district court's denial of Defendant Troy Munk Sommerville's motion to dismiss a felony charge for driving under the influence (DUI). In *State v. Sommerville*, 2010 UT App 336, 248 P.3d 50, *reh'g granted* (Feb. 15, 2011), we reversed, concluding that Utah Code sections 76-1-401, -402 and -403 (the Single Criminal Episode Statute or the Statute), which bar multiple prosecutions of offenses that arise out of a single criminal episode, barred prosecution of the

felony DUI offense in the district court. *Id.* ¶ 1. Following the issuance of our decision, the State filed a petition for rehearing. We now issue this revised opinion, which entirely replaces our previously-issued opinion, and affirm the district court's decision not to dismiss the felony DUI offense because we are persuaded that prosecution of that offense is not barred by the Single Criminal Episode Statute, double jeopardy, or res judicata.

## BACKGROUND

¶2      In December 2006, following an investigation of a hit and run accident, Sommerville was arrested for DUI, *see* Utah Code Ann. § 41-6a-502 (LexisNexis 2012).[1] At that time, he was also cited for following too closely, *see id.* § 41-6a-711, as well as other misdemeanor offenses. The arresting officer later issued another citation by mail for only the following too closely offense, and Sommerville promptly paid the bail schedule fine on that citation in January 2007. Murray City (the City) subsequently filed an information in the Murray City Justice Court, charging Sommerville with the remaining misdemeanor offenses, including the DUI.

¶3      When the City became aware that Sommerville had paid the fine for the following too closely offense, it moved to dismiss the remaining misdemeanor offenses. In support of its motion to dismiss, the City explained that it believed that the remaining misdemeanor offenses and the following too closely offense "arise from a single criminal episode" and, "[t]herefore, further prosecution of this case would be barred by double jeopardy." In

---

[1]Although many of the statutes cited in this opinion have been amended since the events underlying this case, none of those changes substantively affect our analysis. We therefore cite the most current version of the Utah Code as a convenience to the reader.

February 2007, the justice court dismissed the charges, including the misdemeanor DUI, on the City's motion.

¶4     In April 2007, Salt Lake County charged Sommerville in the district court with a felony DUI offense arising from the same December 2006 incident because Sommerville had at least two prior DUI convictions on his record. *See* Utah Code Ann. § 41-6a-503(2)(b) (providing that the penalty for DUI is a third degree felony if the defendant has two or more DUI convictions within the previous ten years). The information also charged Sommerville with the remaining misdemeanors that had been included in the information the City had filed in the justice court.[2] Sommerville moved to dismiss, asserting that both double jeopardy and res judicata barred subsequent prosecution of the offenses due to the justice court's earlier dismissal of the same offenses.

¶5     The district court dismissed the misdemeanor offenses but declined to dismiss the felony DUI offense, concluding that further prosecution of the DUI offense was not barred by the Single Criminal Episode Statute or by double jeopardy or res judicata. Sommerville appeals this decision.

ISSUES AND STANDARDS OF REVIEW

¶6     Sommerville argues that prosecution of the felony DUI offense is barred under double jeopardy and res judicata. Constitutional issues such as double jeopardy present questions of law, which we review for correctness. *State v. Cahoon*, 2007 UT App 269, ¶ 7, 167 P.3d 533, *rev'd on other grounds*, 2009 UT 9, 203 P.3d 957. Similarly, whether res judicata applies to bar a subsequent prosecution is a question of law reviewed for correctness. *In re D.A.*, 2009 UT 83, ¶ 14, 222 P.3d 1172. Sommerville's arguments

---

[2]After paying the fine, Sommerville was not charged with the following too closely offense in either the justice court or the district court.

also implicate application of the Single Criminal Episode Statute, thus raising an issue of statutory interpretation, which is also a question of law. *State v. Yazzie*, 2009 UT 14, ¶ 6, 203 P.3d 984.[3]

## ANALYSIS

### I. The Single Criminal Episode Statute

¶7     The Single Criminal Episode Statute is designed to protect a defendant from multiple trials for offenses that are part of a "'single criminal episode,'" which is defined as "all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective." Utah Code Ann. § 76-1-401 (LexisNexis 2012).

¶8     The parties do not dispute that all the offenses—including the following too closely offense and the DUI offense—are part of the same criminal episode. The issue is whether the disposition of the following too closely offense on the citation and the dismissal of the remaining misdemeanor offenses, including the DUI offense, in the justice court bars subsequent prosecution of the DUI offense as a felony in the district court.

¶9     "When interpreting statutes, we first look to the plain language of the statute and give effect to that language unless it is ambiguous." *State v. Jeffries*, 2009 UT 57, ¶ 7, 217 P.3d 265. "Thus, a statutory provision should be read literally, unless it would result in an unreasonable or inoperable result." *Id.* "When examining the statutory language we assume the legislature used each term advisedly and in accordance with its ordinary meaning." *Id.* (citation and internal quotation marks omitted).

---

[3]Neither party presents any argument regarding the district court's dismissal of the misdemeanor offenses. Our analysis is, therefore, limited to the district court's refusal to dismiss the felony DUI offense.

¶10     The portions of the Single Criminal Episode Statute that are most relevant to our analysis are sections 403(1) and 402(2). Section 403(1) provides, "If a defendant has been prosecuted for one or more offenses arising out of a single criminal episode, a subsequent prosecution for the same or a different offense arising out of the same criminal episode is barred if" (1) the "subsequent prosecution is for an offense that was or should have been tried . . . in the former prosecution" and (2) the former prosecution resulted in acquittal or conviction, was improperly terminated, or was terminated by final order or judgment. Utah Code Ann. § 76-1-403(1); *see also id.* § 76-1-403(2)–(4) (defining acquittal, conviction, and improper termination). To determine whether an offense charged in the subsequent prosecution should have been tried in the former prosecution, section 403(1) refers to section 402(2), which provides that "unless the court otherwise orders to promote justice, a defendant shall not be subject to separate trials for multiple offenses" that are part of a single criminal episode when (1) "[t]he offenses are within the jurisdiction of a single court" and (2) "[t]he offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment." *Id.* § 76-1-402(2).

¶11     There are two events in the procedural history of this case that might implicate the Single Criminal Episode Statute so as to bar subsequent prosecution of the felony DUI offense in the district court. The first is Sommerville's payment of the bail schedule fine on the citation for only the following too closely offense. The second is the City's prosecution of Sommerville by information in the justice court and subsequent voluntary dismissal of the remaining misdemeanor offenses—in particular, the dismissal of the misdemeanor DUI offense. We conclude that neither of these events bars subsequent prosecution of the felony DUI offense in the district court under the Single Criminal Episode Statute. First, the issuance and disposition of the citation does not constitute a prosecution under the Single Criminal Episode Statute. And second, the prosecution of the misdemeanor DUI offense in the

justice court was not concluded in a manner that bars subsequent prosecution.

A. Citation for the Following Too Closely Offense

¶12    Application of the Single Criminal Episode Statute turns on the occurrence of former and subsequent *prosecutions* for offenses that arise out of the same criminal episode. So whether multiple prosecutions have occurred is a fundamental question in any analysis to determine whether the Statute bars prosecution of an offense arising out of a single criminal episode. Under Utah law, "all criminal prosecutions whether for felony, misdemeanor or infraction shall be commenced by the filing of an information or the return of an indictment." Utah R. Crim. P. 5(a); *see also* Utah Code Ann. § 77-2-2 (LexisNexis 2012) (providing that "[f]or the purpose of this chapter" on prosecution, screening, and diversion, "'[c]ommencement of prosecution' means the filing of an information or an indictment"). An information[4] is "an accusation, in writing, charging a person with a public offense [and] is presented, signed, and filed in the office of the clerk where the prosecution is commenced." Utah Code Ann. § 77-1-3(13); *see also Black's Law Dictionary* 849 (9th ed. 2009) (defining "information" as "[a] formal criminal charge made by a prosecutor"). Under Utah law, the filing of an information—and, therefore, the initiation of a prosecution—requires the involvement of a prosecuting attorney. *See* Utah Code Ann. § 77-2-1.1 ("The prosecuting attorney shall sign all informations."). *See also State v. Leary*, 646 P.2d 727, 730 (Utah 1982) (explaining "the steps required to properly initiate a prosecution"), *superseded by statute as explained in Tweed v. Bertram*, 2003 WL 26098341, at *12 (D. Utah Sept. 8, 2003).

¶13    Although commencement of a prosecution requires the filing of an information by a prosecutor, a criminal matter may also

---

[4]This case does not involve the filing of an indictment, so we refer only to the filing of an information in the course of our analysis.

be initiated and disposed of by citation in cases involving misdemeanors and infractions. Utah Code Ann. § 77-7-18 (providing that a "person subject to arrest or prosecution on a misdemeanor or infraction charge may be issued and delivered a citation"). Citations may be issued by persons who are not prosecutors. *Id.* § 77-7-18(1)–(5) (listing persons who may issue citations). For example, "a peace officer" may issue a citation "in lieu of or in addition to taking the person into custody." *Id.* § 77-7-18(1). A person who receives "a citation . . . shall appear before the magistrate designated in the citation on or before the time and date specified in the citation unless the uniform bail schedule . . . permits forfeiture of bail for the offense charged." *Id.* § 77-7-19(1). And where the uniform bail schedule permits, "a person may voluntarily forfeit bail . . . in any case of a class B misdemeanor or less," and such "[v]oluntary forfeiture of bail shall be entered as a conviction and treated the same as if the accused pleaded guilty." *Id.* § 77-7-21(1)(b)–(c); *see also id.* § 77-7-21(1)(a) ("A copy of the citation . . . that is filed with the magistrate may be used in lieu of an information to which the person cited may plead guilty or no contest and be sentenced on or on which bail may be forfeited.").

¶14    Indeed, a person who is issued a citation is only "*subject to* . . . prosecution." *See id.* § 77-7-18 (emphasis added) (providing that a "person subject to arrest or prosecution on a misdemeanor or infraction charge may be issued and delivered a citation"). Thus, if a citation is disposed of by voluntary forfeiture of bail, no information is filed and, therefore, no prosecution is initiated. But if the person cited "pleads not guilty to the offense charged," then "[a]n information shall be filed." *Id.* § 77-7-21(2). And "the prosecution may proceed on the citation" itself only "[i]f a person cited waives by written agreement the filing of the information." *Id.* § 77-7-21(3)(a)–(b).

¶15    Accordingly, under Utah law, the initiation of a prosecution by filing an information is distinguishable from disposition of a criminal offense on a citation alone. A prosecution is initiated by the filing of an information by a prosecutor. A citation may be

issued by a non-prosecutor, typically a law enforcement officer. And though a citation may be used in lieu of an information if the person cited simply wishes to plead guilty or no contest—for example, if the person cited pleads guilty by way of voluntary forfeiture of bail pursuant to the uniform bail schedule—an information, or a written waiver of an information, must be filed for the criminal process to move forward.[5]

¶16    As we have discussed, the Single Criminal Episode Statute focuses on the occurrence of a former prosecution to determine whether a subsequent prosecution of an offense that arises out of the same criminal episode is barred. In particular, section 403(1) applies where "a defendant has been *prosecuted* for one or more offenses arising out of a single criminal episode" and is then subjected to "a *subsequent prosecution* for the same or a different offense arising out of the same criminal episode." *Id.* § 76-1-403(1) (emphasis added). Under section 403(1), the *subsequent prosecution* is barred if it "is for an offense that was or should have been tried under [section 402(2)] in the *former prosecution*" and if "[t]he *former prosecution . . .* resulted in conviction" or was otherwise disposed

---

[5]Although a citation "may be used in lieu of an information" so that "the person cited may plead guilty or no contest and be sentenced or on which bail may be forfeited," Utah Code Ann. § 77-7-21(1)(a) (LexisNexis 2012), the citation is not an information. Under Utah law, a citation form may be referred to on its face as a "citation or information." *Id.* § 77-7-20(2) (explaining the information that must be included in a citation). But a citation must also include "a notice containing substantially the following language": "This citation is not an information and will not be used as an information without your consent." *Id.* § 77-7-20(2)(j). This is consistent with the requirement that if a "person cited pleads not guilty to the offense charged" in a citation, "[a]n information shall be filed." *Id.* § 77-7-21(2). That "information is an original pleading," and "the prosecution may proceed on the citation" only if the "person cited waives by written agreement the filing of the information." *Id.* § 77-7-21(3).

of in a manner described by the Statute. *Id.* § 76-1-403(1) (emphasis added). Thus, the plain language of the Single Criminal Episode Statute indicates that it applies to formal prosecutions initiated by the filing of an information.[6] The disposition of a criminal offense on a citation alone therefore does not amount to a "prosecution" for purposes of the Statute.

¶17    Such a reading of the Single Criminal Episode Statute is further supported by section 402(2). Section 402(2) is, itself, a statute that governs when criminal offenses must be joined for trial. But section 403(1) incorporates section 402(2) to determine whether an offense that is part of the same criminal episode as another offense that was previously prosecuted should have been tried in the former prosecution. Under section 402(2), an offense should have been tried in the former prosecution when "[t]he offenses are within the jurisdiction of a single court" and when "[t]he offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment." Utah Code Ann. § 76-1-402(2) (LexisNexis 2012). Section 402(2) thus contemplates that in the former prosecution, a "prosecuting attorney" would have been involved at the critical procedural stage where "the defendant is arraigned on the first information or indictment." *Id.* This is consistent with the general requirement that the initiation of a prosecution requires the filing of an information by a prosecutor. Thus, by identifying such a procedural stage as a critical juncture to determine whether a subsequent prosecution is barred, section 402(2) seems to preclude its application to circumstances where a formal prosecution was not initiated by the filing of an information by a prosecutor. The resolution of an infraction or misdemeanor on a citation by payment of the bail schedule fine, as what happened in this case, is just such a circumstance.

---

[6]Because the question is not raised by the facts of this case, we do not address whether a defendant's written waiver of the filing of an information also falls within the scope of a "prosecution" for purposes of the Single Criminal Episode Statute.

¶18    In addition to the citation for multiple offenses issued at the time of his arrest, Sommerville was mailed a second citation for only the following too closely offense. He promptly paid the bail schedule fine for that citation. By paying the fine, Sommerville in effect pleaded guilty to and was convicted of the following too closely offense. *See id.* § 77-7-21(1) ("Voluntary forfeiture of bail shall be entered as a conviction and treated the same as if the accused pleaded guilty."); *see also id.* § 76-1-403(3) ("There is a conviction [under section 403(1)] if the prosecution resulted in a judgment of guilt that has not been reversed, set aside, or vacated . . . or a plea of guilty [has been] accepted by the court."). Although Sommerville's conviction may satisfy one of the requirements of the Single Criminal Episode Statute—i.e., that Sommerville was convicted of this offense, *see id.* § 76-1-403(1)(b)(ii)—that conviction did not result from a prosecution, as the Statute also requires, *see id.* § 76-1-403(1) (providing that a subsequent prosecution is barred if "[t]he former prosecution . . . resulted in conviction"). This is because, at the time Sommerville paid the fine on the following too closely offense, no information had yet been filed charging Sommerville with that offense or any of the other offenses for which he was cited. *See id.* § 77-7-21(2) (providing that an information only need be filed "if the person cited pleads not guilty to the offense charged"). Therefore, disposition of the following too closely offense on the citation alone did not constitute a prosecution under the Single Criminal Episode Statute and did not trigger any bar on subsequent prosecution of the other offenses arising out of the same criminal episode, including the DUI offense.

B. Prosecution of the Misdemeanor DUI in the Justice Court

¶19    While the following too closely offense was resolved on a citation, Sommerville was charged by information in the justice court with the other misdemeanors, including the misdemeanor DUI. At that point, Sommerville was subject to a formal prosecution as contemplated by the Single Criminal Episode Statute. The offenses were later voluntarily dismissed by the City,

thus raising the question whether the dismissal of the prosecution in the justice court was the kind of disposition that would trigger the Statute's bar on subsequent prosecution of the DUI offense in the district court.

¶20   The Single Criminal Episode Statute provides that a subsequent prosecution is barred if the former prosecution "resulted in conviction," "resulted in acquittal," "was improperly terminated," or "was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution." *Id.* § 76-1-403(1)(b); *see also id.* § 76-1-403(2)–(4) (defining acquittal, conviction, and improper termination). Here, the City voluntarily dismissed the misdemeanor DUI offense on its own motion, so Sommerville was neither convicted nor acquitted. *See id.* § 76-1-403(1)(b)(i)–(ii), (2)–(3). Nor is there any suggestion that the prosecution was improperly terminated, as that phrase is defined by the Statute. *See id.* § 76-1-403(1)(b)(iii), (4) ("There is an improper termination of prosecution if the termination takes place before the verdict, is for reasons not amounting to an acquittal, and takes place after a jury has been impanelled and sworn to try the defendant, or, if the jury trial is waived, after the first witness is sworn."); *see also id.* § 76-1-403(4)(a)–(c) (providing several instances where a termination of prosecution is not improper). Finally, the justice court simply granted the City's voluntary motion to dismiss the misdemeanor DUI. Thus, that dismissal did not involve any "determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution." *Id.* § 76-1-403(1)(b)(iv). Therefore, because the misdemeanor DUI offense was not resolved in a way that implicates the Single Criminal Episode Statute, the prosecution in the justice court does not bar the subsequent prosecution of the felony DUI offense in the district court.

¶21   In summary, the disposition of the following too closely offense on the citation was not a prosecution and, therefore, did not

constitute a "former prosecution" that would bar a "subsequent prosecution" of offenses that arose out of the same criminal episode under the Single Criminal Episode Statute. Rather, the only "former prosecution" here occurred when the City charged Sommerville by information with the remaining misdemeanor offenses, including the misdemeanor DUI. Because the City's voluntary dismissal of that case did not trigger application of the Single Criminal Episode Statute, the subsequent prosecution of the DUI offense in the district court is not barred.

## II. Double Jeopardy

¶22    Sommerville next argues that double jeopardy bars subsequent prosecution of the felony DUI in the district court due to the justice court's dismissal of the misdemeanor DUI.

¶23    The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also* U.S. Const. amend. XIV; *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (applying the Fifth Amendment's double jeopardy protection to the states through the Fourteenth Amendment's due process clause).[7] Double jeopardy, therefore, protects a criminal "defendant from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Rudolph*, 970 P.2d 1221, 1230 (Utah 1998).

---

[7]Sommerville does not specify whether he is raising his double jeopardy argument under the United States Constitution, the Utah Constitution, or both. We therefore conduct our analysis only under the United States Constitution. *See generally State v. Cahoon*, 2009 UT 9, ¶ 8 n.1, 203 P.3d 957 (declining to consider a state constitutional argument of double jeopardy where the defendant had not advanced such an argument).

¶24    Because "'jeopardy does not attach until a defendant is put to trial before the trier of the facts,'" *State v. Cahoon*, 2009 UT 9, ¶ 12, 203 P.3d 957 (quoting *Serfass v. United States*, 420 U.S. 377, 391 (1975)), double jeopardy "does not attach at pretrial proceedings," *id.* ¶ 13; *see also id.* ¶ 13 n.15 (reasoning that "[t]he rule that double jeopardy protects against a second prosecution for the same offense after acquittal must be read in combination with the rule that" jeopardy only attaches when a defendant is put to trial before the trier of fact, meaning "that pretrial determinations are not acquittals for purposes of double jeopardy" (citations and internal quotation marks omitted)); *State v. Byrns*, 911 P.2d 981, 984 (Utah Ct. App. 1995) ("A defendant is not placed in jeopardy until a jury is impaneled and sworn, or if a bench trial, the first witness is sworn. Since [the] defendant's case was dismissed prior to trial . . . , he was never placed in jeopardy in the primary sense." (citations omitted)).

¶25    Here, the misdemeanor DUI offense was voluntarily dismissed by the City. At the time of dismissal, jeopardy had not attached to the DUI offense, whether classified as a misdemeanor or a felony, because it was dismissed during pretrial proceedings, before Sommerville had been put to trial before the finder of fact.[8] *See Cahoon*, 2009 UT 9, ¶¶ 12–13.

¶26    Sommerville argues, however, that this case falls within an exception to the principle that double jeopardy only attaches when a defendant is tried before the finder of fact. To support this assertion, Sommerville relies on *State v. Cahoon* (*Cahoon I*), 2007 UT

---

[8]"[J]eopardy [also] attaches when a court accepts a guilty plea." *State v. Bernert*, 2004 UT App 321, ¶ 8, 100 P.3d 221 (stating further that the entry of the plea and not the imposition of the sentence is the critical moment for determining when jeopardy attaches). Under the facts of this case, double jeopardy arguably has attached only to the following too closely offense—the sole charge for which Sommerville was convicted due to his payment of the designated fine, which is necessarily the entry of a guilty plea. *See supra* ¶ 18.

App 269, 167 P.3d 533, *rev'd*, 2009 UT 9, 203 P.3d 957, where the Utah Court of Appeals concluded that double jeopardy precluded the State from refiling charges that had previously been dismissed before trial because the case had been filed beyond the applicable statute of limitations. *Id.* ¶¶ 4, 8. But the Utah Supreme Court reversed that decision in *State v. Cahoon* (*Cahoon II*), 2009 UT 9, 203 P.3d 957, concluding that double "jeopardy does not attach at pretrial proceedings." *Id.* ¶¶ 3, 12–13. The supreme court's decision in *Cahoon II* appears to establish a bright-line rule that double jeopardy attaches only when a "defendant is put to trial before the trier of the facts." *Id.* ¶ 12 (footnote citation and internal quotation marks omitted). And the supreme court explained that, based on its ruling, "a criminal defendant who has not yet been on trial is protected against a subsequent prosecution by collateral estoppel, not double jeopardy." *Id.* ¶ 15; *see also Byrns*, 911 P.2d at 984 ("Under collateral estoppel principles, the pretrial disposition of a case in a prior prosecution may be sufficient to bar a subsequent prosecution.").

¶27    As we will explain, collateral estoppel is a component of the res judicata doctrine, under which Sommerville has also sought relief.[9] Accordingly, we next address Sommerville's potential remedy under the principles of res judicata.

### III. Res Judicata

---

[9]Notably, collateral estoppel principles are considered to be "embodied in the Fifth Amendment guarantee against double jeopardy." *Ashe v. Swenson*, 397 U.S. 436, 445 & n.10 (1970); *see also State v. Byrns*, 911 P.2d 981, 984 (Utah Ct. App. 1995). However, because the collateral estoppel and double jeopardy issues have been presented to us separately and each involve distinct analyses, and because Sommerville has generally relied on the doctrine of res judicata rather than on collateral estoppel specifically, we have elected to analyze the res judicata issue separately from the double jeopardy analysis.

¶28    Sommerville next argues that the justice court's dismissal of the misdemeanor DUI offense bars subsequent prosecution of the felony DUI offense in the district court based on the principles of res judicata.

¶29    Sometime after Sommerville was charged by information in the justice court, the City voluntarily moved to dismiss the misdemeanor offenses. In support of its motion to dismiss, the City explained that it believed that the charged misdemeanor offenses and the following too closely offense "arise from a single criminal episode" and, "[t]herefore, further prosecution of this case would be barred by double jeopardy." On the City's motion, the justice court dismissed the misdemeanor offenses. The justice court's order is unavailable and is not included in the record, so it is not possible to determine what the actual order stated.[10] But attached to the City's motion to dismiss, which is a part of the record, is an unsigned and undated order, which the City apparently provided for the justice court to sign were the motion granted. *Cf.* Utah R. Civ. P. 7(c) ("A party may attach a proposed order to its initial memorandum."). In the absence of an order in the record, there is no reason to suppose that the court did not use the proposed order that the City provided. That proposed order simply states, "IT IS HEREBY ORDERED that the above matter be dismissed based on the motion of the Murray City Prosecutor."

¶30    "The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion." *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 29, 221 P.3d 194 (citation and internal quotation marks omitted). "[C]laim preclusion corresponds to causes of action," *id.* (alteration in original), and "bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously," *In re D.A.*, 2009 UT 83, ¶ 33, 222 P.3d 1172 (citation and internal quotation marks omitted); *see also Mack*, 2009

---

[10]In his reply brief, Sommerville explained that the order dismissing the misdemeanor offenses was destroyed before it could be obtained for purposes of this appeal and for that reason is not included in the record.

UT 47, ¶ 29 (providing that a claim is precluded from relitigation if (1) "both cases . . . involve the same parties or their privies," (2) "the claim that is alleged to be barred" was "presented in the first suit" or "could and should have been raised in the first action," and (3) "the first suit . . . resulted in a final judgment on the merits" (citation and internal quotation marks omitted)). "Issue preclusion, which is also known as collateral estoppel," *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 28, 194 P.3d 956, "corresponds to the facts and issues underlying causes of action," *Mack*, 2009 UT 47, ¶ 29 (citation and internal quotation marks omitted), and "'prevents parties or their privies from relitigating facts and issues in [a] second suit that were fully litigated in the first suit,'" *Cahoon II*, 2009 UT 9, ¶ 14 n.23, 203 P.3d 957 (quoting *Oman*, 2008 UT 70, ¶ 28); *see also Oman*, 2008 UT 70, ¶ 29 (providing that relitigation of a fact or issue is precluded if (1) "the party against whom issue preclusion is asserted [was] a party to or in privity with a party to the prior adjudication," (2) "the issue decided in the prior adjudication [is] identical to the one presented in the instant action," (3) "the issue in the first action [was] completely, fully, and fairly litigated," and (4) "the first suit . . . resulted in a final judgment on the merits" (citation and internal quotation marks omitted)).

¶31     Relying generally on the res judicata doctrine, Sommerville argues that the justice court's dismissal of the misdemeanor DUI offense bars subsequent prosecution of the felony DUI offense in the district court. According to Sommerville, the misdemeanor DUI and the felony DUI are essentially the same offense or claim, requiring proof of similar facts; and he seems to assert that the basis for the City's voluntary dismissal—i.e., that prosecution of the DUI offense is barred by double jeopardy because it arose out of the same criminal episode as the following too closely offense—gives res judicata effect to that substantive legal conclusion as applied to those particular claims and the underlying facts. Sommerville does not specify with any particularity which branch of res judicata he relies on, but both claim preclusion and issue preclusion require that "the first suit must have resulted in a final judgment on the merits." *Mack*, 2009 UT 47, ¶ 29 (citation and

internal quotation marks omitted) (stating the elements of claim preclusion); *accord Oman*, 2008 UT 70, ¶ 29 (stating the elements of issue preclusion). Sommerville has not convinced us that the City's voluntary dismissal of the misdemeanor DUI offense in the justice court was a final judgment on the merits. As a result, res judicata does not bar subsequent prosecution of the felony DUI in the district court, under either claim preclusion or issue preclusion.

¶32 "'"[O]n the merits" is a term of art that means that a judgment is rendered only after a court has evaluated the relevant evidence and the parties' substantive arguments.'" *In re D.A.*, 2009 UT 83, ¶ 37 (quoting *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 42 n.6, 44 P.3d 663). "As a technical legal term, 'merits' has been defined as a matter of substance, as distinguished from a matter of form." *State v. Ruscetta*, 742 P.2d 114, 116 (Utah Ct. App. 1987). And "[i]n the context of res judicata, 'merits' has been interpreted to mean real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *Id.* "A judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties based on . . . facts and evidence upon which the rights of recovery depend, irrespective of formal, technical, or dilatory objections or contentions." *Id.* (omission in original) (citation and internal quotation marks omitted). "To be on the merits, a judgment does not have to proceed to trial. Rather, a judgment on the merits may be made at any stage of the litigation, so long as . . . [the judgment rendered is] based upon a proper application of the relevant law to the facts of the case." *Miller*, 2002 UT 6, ¶ 42 n.6. *See, e.g., In re D.A.*, 2009 UT 83, ¶ 37 (explaining that "a claim dismissed for lack of subject matter jurisdiction does not constitute an adjudication on the merits," and a "'[d]efault for inaction of a party involves no more discussion of the merits than a judgment based on jurisdiction'" because "'[b]oth are matters of form rather than considerations of substance'" (first alteration in original) (quoting *Ruscetta*, 742 P.2d at 116)); *State v. Clark*, 913 P.2d 360, 362 (Utah Ct. App. 1996) (explaining that "a dismissal of an appeal for lack of prosecution does not, by itself, constitute an adjudication on the merits"). *See also* Restatement (Second) of Judgments § 13 cmt. g

(identifying various factors that can be used to analyze whether a judgment is final for purposes of res judicata).

¶33    For collateral estoppel or issue preclusion to apply, in addition to a final judgment on the merits "the issue in the first action must have been completely, fully, and fairly litigated." *Oman*, 2008 UT 70, ¶ 29. The Restatement (Second) of Judgments explains these requirements more fully, providing that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment . . . , the determination is conclusive in a subsequent action between the parties." Restatement (Second) of Judgments § 27. An "issue is actually litigated" when it "is properly raised . . . and is submitted for determination, and is determined." *Id.* § 27 cmt. d. For example, an issue is likely actually litigated "on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment . . . , [and] a motion for directed verdict." *Id.* In contrast, an issue is likely not actually litigated where "a judgment [is] entered by confession, consent, or default." *Id.* § 27 cmt. e.

¶34    Here, the misdemeanor DUI was dismissed by the justice court on the City's own motion.[11] Certainly the City's basis for its

---

[11]In its motion to dismiss, the City explained that it believed that the following too closely offense and the other misdemeanor offenses "arise from a single criminal episode" and, "[t]herefore, further prosecution of this case would be barred by double jeopardy." In asserting these bases, the City conflated the concepts underlying the Single Criminal Episode Statute and double jeopardy, for although the two are related, the Single Criminal Episode Statute provides more expansive protection than double jeopardy. *See State v. Strader*, 902 P.2d 638, 641–42 (Utah Ct. App. 1995) (distinguishing the Single Criminal Episode Statute protections from double jeopardy protections). The most notable distinction is that the Single Criminal Episode Statute bars multiple prosecutions of offenses that arise out of the same

(continued...)

motion has nominally substantive. But under the facts of this case, the claims, facts, and underlying issues were not actually litigated because the justice court made no "application of the relevant law to the facts of the case," *see Miller*, 2002 UT 6, ¶ 42 n.6, and made no "declaration of the law as to the respective rights and duties of the parties based on . . . facts and evidence," *Ruscetta*, 742 P.2d at 116 (omission in original) (citation and internal quotation marks omitted). Rather, the justice court simply dismissed the matter on the voluntary and unopposed motion of the City, accepting the City's bare representation of the basis for the dismissal without further consideration. On these facts, the voluntary dismissal bears far more resemblance to an issue or claim that is resolved by consent or default than an issue or claim that is actually litigated. *Compare* Restatement (Second) of Judgments § 27 cmt. e, *with id.* § 27 cmt. d.[12] For these reasons, we conclude that under the facts of

---

[11](...continued)
criminal episode, while double jeopardy bars multiple prosecutions of the same offense. *Id.* Further, as we have discussed, jeopardy "does not attach at pretrial proceedings" but only attaches when "a defendant is put to trial before the trier of the facts." *State v. Cahoon* (*Cahoon II*), 2009 UT 9, ¶¶ 12–13, 203 P.3d 957 (footnote citation and internal quotation marks omitted). The Single Criminal Episode Statute, however, may bar subsequent prosecutions based on former prosecutions of offenses arising from a single criminal episode that were disposed of in pretrial proceedings, *see* Utah Code Ann. § 76-1-403(1) (LexisNexis 2012), but we have already concluded that did not happen here.

[12]In arguing that prosecution of the felony DUI offense is barred by res judicata, Sommerville asserts that the justice court's dismissal of the misdemeanor DUI was a dismissal with prejudice. As we have explained, the justice court's order dismissing the misdemeanor offenses is not included in the record, so there is insufficient information in the record to determine with any certainty whether the dismissal was with or

(continued...)

this case, the justice court's dismissal of the misdemeanor DUI offense is not a final judgment on the merits. Thus, the City's stated basis for its voluntary motion to dismiss is not res judicata as to that substantive conclusion, and the dismissal of the misdemeanor DUI by the justice court does not have a preclusive effect on a subsequent prosecution of the felony DUI in the district court. We therefore conclude that res judicata does not bar subsequent prosecution of the felony DUI offense in the district court.

CONCLUSION

¶35 We conclude that subsequent prosecution of the felony DUI offense in the district court is not barred by the Single Criminal Episode Statute, double jeopardy, or res judicata.

¶36 We affirm.

------

[12](...continued)
without prejudice. However, the information that is included in the record—namely, the order attached to the City's motion to dismiss—does not specify whether the dismissal is with or without prejudice, though the sparseness of the order's language seems indicative that the dismissal is without prejudice rather than with prejudice. *See, e.g.,* Utah R. Crim. P. 25(d)–(e) (explaining in criminal proceedings when a dismissal is or is not a bar to subsequent prosecution); *cf.* Utah R. Civ. P. 41(a)(1), (a)(2)(ii) (providing that when an action or claim is voluntarily dismissed by either the plaintiff or the court, "[u]nless otherwise specified in the order, a dismissal . . . is without prejudice").