**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEPHEN D. COOK,

      Plaintiff-Appellant/
Cross-Appellee,

v.

JUSTIN AAGARD, a Sanpete County
Sheriff's Deputy; CHAD HUFF, a Police
Officer with the City of Fountain Green;
SANPETE COUNTY; SANPETE
VALLEY HOSPITAL,

      Defendants Appellees,

and

STAN ANDERSON, an Ephraim City
Police Officer; EPHRAIM CITY,

      Defendants-Appellees/
Cross-Appellants.

Nos. 12-4214 & 13-4003
(D.C. No. 2:12-CV-00157-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

---

Stephen D. Cook filed a 42 U.S.C. § 1983 civil rights complaint claiming defendants violated his constitutional rights when he was detained, searched, and arrested on drug possession charges. The district court granted summary judgment in favor of the defendants, ruling Cook's suit was precluded because he previously litigated, and lost, the identical claims in state criminal proceedings. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm and dismiss as moot the cross-appellants' cross-appeal.

The district court's memorandum decision and order accurately and thoroughly recounts the factual and procedural background of this case; thus, we summarize only the most salient points. In 2008, Cook was charged in Ephraim City, Utah with possession of marijuana and drug paraphernalia and interfering with a lawful arrest. He moved to suppress the results of a urine test and to dismiss the charges, claiming the arresting officer, Deputy Justin Aagard, lacked probable cause to detain, search, and arrest him; omitted material facts from his search-warrant affidavit; and catheterized him to obtain the urine sample when a blood test would have sufficed. The state court held an evidentiary hearing on these motions and denied Cook's motions. It ruled probable cause supported Cook's detention, search, and arrest, and the challenged omissions from Deputy Aagard's affidavit did not alter this conclusion. Further, it ruled Cook's constitutional rights were not violated by the

catheterization because the state presented uncontroverted evidence Cook consented to it.

Cook then entered a plea in abeyance. *See State v. Wimberly*, 305 P.3d 1072, 1074 (Utah. App. 2013) (explaining a plea in abeyance is a court order "accepting a plea of guilty or of no contest from the defendant but not, at that time, entering judgment of conviction against him" on condition he comply with specific conditions) (internal quotation marks omitted)). As part of his plea, Cook admitted he had illegally possessed marijuana. The state later dismissed the criminal charges after Cook met agreed-upon conditions. *See id*. at 1075 ("After successful completion of [the plea-in-abeyance] conditions, a trial court may dismiss the charge and no conviction will remain on the defendant's record.").

Three years later, Cook filed this § 1983 action against Deputy Aagard; the back-up police officers; Ephraim City; and Sanpete Valley Hospital, where the catheterization took place. Cook asserted the defendants violated his constitutional rights in connection with his March 2008 arrest. He claimed (1) unlawful search and seizure without probable cause; (2) illegal detention without probable cause; (3) excessive force in taking his urine sample; (4) failure to advise him of his *Miranda* rights; (5) failure to intervene; (6) failure to train; (7) violation of procedural due process; and (8) violation of substantive due process. On defendants' motion for summary judgment, the district court ruled the state court had already determined probable cause supported Cook's detention, search and arrest, and Cook's

constitutional rights were not violated by the catheterization. Thus, it ruled Cook's action was barred by Utah's doctrine of issue preclusion.

Cook appeals this ruling. Defendants Stan Anderson and Ephraim City cross-appeal the district court's ruling that the action was not additionally barred by the doctrine of judicial estoppel. We review de novo the district court's grant of summary judgment and its interpretation of Utah's law. *Bushco v. Shurtleff*, __ F.3d __, 2013 WL 4779612, at *3 (10th Cir. Sept. 9, 2013).

A federal civil rights plaintiff may be collaterally estopped from litigating a § 1983 claim by a state court criminal judgment, so long as he had a full and fair opportunity to litigate the issue at the state criminal proceedings. *Allen v. McCurry*, 449 U.S. 90, 104-05 (1980). The preclusive effect in federal court of a state judgment is governed by the state's preclusion rules. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). Under Utah law, issue preclusion, "prevents parties or their privies from relitigating *facts and issues* in the second suit that were fully litigated in the first suit," provided the following four elements are met:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Oman v. Davis Sch. Dist.*, 194 P.3d 956, 965 (Utah 2008) (internal quotation marks omitted).

Cook contends the second, third and fourth factors are not met here. First, he claims the issues decided by the Utah court were not essential to the resolution of his criminal proceedings and, thus, are not identical to his § 1983 action. *See Zufelt v. Haste, Inc.*, 142 P.3d 594, 597 (Utah App. 2006) ("What is critical in determining identical issues is whether the issue that was actually litigated in the first suit was essential to resolution of that suit and is the same factual issue as that raised in a second suit." (brackets and internal quotation marks omitted)). The district court found Cook conceded this factor in his pleadings. From our independent review, it is evident the issues in the state proceedings are identical to those in the § 1983 action. In both proceedings, the claims are based on the same facts and the same dispositive constitutional issues. Essential to Cook's success in both proceedings was a finding that there was no probable cause for his detention, search, and arrest, and that the catheterization violated his constitutional rights. The state court decided those issues and Cook lost.

Cook argues the issues are not identical because he included additional facts about the detention and search in his § 1983 complaint, which he knew of but chose not to raise in the suppression hearing. He asserts these new facts might alter the probable cause totality-of-the-circumstances analysis. His argument is unavailing. Utah broadly defines the issue precluded: "[t]he *minimum* reach of issue preclusion beyond precise repetition of the first action is to prevent relitigation by mere introduction of cumulative evidence bearing on a simple historical fact that has once

been decided." *Harline v. Barker*, 912 P.2d 433, 443 (Utah 1996) (emphasis in original; quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4417, at 157 (1981)). Issue preclusion "extends to every matter which was or might have been urged to sustain or defeat the determination actually made." *Macris & Assoc., Inc., v. Neways, Inc.*, 16 P.3d 1214, 1223 (Utah 2000) ("[A] party cannot by negligence or design withhold issues and litigate them in separate actions."). Cook chose not to present evidence available to him at the suppression hearing, but the *issues* he raised and were determined there are identical to the issues here.

Next, Cook contends the suppression hearing was not a complete, full, and fair litigation of these issues, but was a summary proceeding addressing some immaterial evidentiary issues which likely would have been re-considered had he gone to trial. To the contrary, the constitutional issues in Cook's criminal proceedings were litigated in an evidentiary hearing at which he was represented by counsel, and had the right and opportunity to testify, present evidence, call and cross-examine witnesses, and appeal the court's ruling. *See 3D Constr. & Dev., L.L.C. v. Old Standard Life Ins. Co.*, 117 P.3d 1082, 1087 (Utah App. 2005) (holding the 'completely, fully, fairly' element is met if the party against whom preclusion is sought had adequate notice and an opportunity to be heard on the issue.). There is no reason to doubt the quality, extensiveness, or fairness of the criminal proceeding and we agree with the district court that Cook "had his day in court." *Buckner v.*

*Kennard*, 99 P.3d 842, 846 (Utah 2004) ("[O]nce a party has had his or her day in court and lost, he or she does not get a second chance to prevail on the same issues.").

Third, Cook contends there was no final judgment on the merits because his criminal case was ultimately dismissed. But under Utah law, "a judgment does not have to proceed to trial" to be "on the merits" for issue preclusion. *State v. Sommerville*, 297 P.3d 665, 674 (Utah App. 2013) (internal quotation marks omitted). "Rather, [it] may be made at any stage of the litigation, so long as the judgment rendered is based upon a proper application of the relevant law to the facts of the case." *Id.* at 674-75 (internal quotation marks, brackets, and ellipses omitted).

> 'On the merits' is a term of art that means that a judgment is rendered only after a court has evaluated the relevant evidence and the parties' substantive arguments. . . . A judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties based on facts and evidence upon which the right of recovery depend, irrespective of formal, technical, or dilatory objections or contentions.

*Id.* at 674 (internal quotation marks, brackets and ellipses omitted). The state court ruling was a final adjudication on the merits for purposes of issue preclusion because it rendered a substantive ruling on the merits of the constitutional issues presented, based on the relevant law applied to the facts of the claims.

Finally, Cook argues policy considerations prevent application of issue preclusion. Utah courts have recognized that courts have discretion to limit the use of issue preclusion, *see Gudmundson v. Del Ozone*, 232 P.3d 1059, 1067

(Utah 2010), but we are not persuaded the district court abused its discretion in applying the doctrine here.

Accordingly, we affirm the district court's grant of summary judgment. Because we decide this appeal on the basis of issue preclusion, we dismiss as moot Stan Anderson's and Ephraim City's cross-appeal.

Entered for the Court


Terrence L. O'Brien
Circuit Judge