FILED
United States Court of Appeals
Tenth Circuit

September 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEMARCO DEON WILLIAMS,

     Plaintiff - Appellee,

v.

JEFFREY MICHAEL HENDERSON,

     Defendant - Appellant.

-------------------------------------

CITY OF TULSA; RON PALMER,

     Defendants.

No. 14-5150
(D.C. No. 4:11-CV-00469-TCK-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

Defendant Jeffrey Michael Henderson, a former officer in the Tulsa, Oklahoma

Police Department, appeals from a district court order denying his motion for

summary judgment insofar as it asserted qualified immunity. On de novo review of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

the purely legal issues raised on appeal, *see Castillo v. Day*, 790 F.3d 1013, 1017 (10th Cir. 2015), we affirm for the reasons explained below.

## I. BACKGROUND

Plaintiff DeMarco Deon Williams was convicted in federal court of drug and firearm offenses based in part on evidence developed by Officer Henderson. *See United States v. Williams*, 576 F.3d 1149 (10th Cir. 2009) (affirming Williams' convictions and sentences).[1] In April 2010, Mr. Williams' convictions were vacated and his indictment dismissed at the government's request after an FBI investigation exposed corruption in the Tulsa Police Department, including serious misconduct by Officer Henderson, that undermined confidence in Mr. Williams' prosecution. Mr. Williams then filed this action against Officer Henderson,[2] asserting federal constitutional claims under 42 U.S.C. § 1983 as well as claims under Oklahoma law. He alleged that Officer Henderson lied in an affidavit used to procure a warrant to search his home, induced him to sign a blank confession that Officer Henderson later falsely completed, and committed perjury in his ensuing prosecution.

Officer Henderson filed a motion for summary judgment on two grounds: (1) the claims asserted against him were barred by collateral estoppel, in that adverse rulings on various motions pursued by Mr. Williams in the criminal case precluded

---

[1] A prior conviction on the same charges had been reversed for violation of the Speedy Trial Act. *See United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

[2] Mr. Williams also asserted derivative claims against the City of Tulsa and Tulsa Police Chief Ron Palmer based on Officer Henderson's conduct. The district court dismissed these claims in a separate order.

2

success on related claims in this action; and (2) he was entitled to qualified immunity because his conduct did not violate clearly established law. While the law against falsifying evidence and committing perjury is obviously clearly established, he argued that the rulings against Mr. Williams in the criminal prosecution precluded a finding here that his (Officer Henderson's) conduct actually violated that law. Thus, his qualified-immunity defense effectively incorporated his collateral-estoppel defense. After the district court denied his motion for summary judgment, he brought this appeal, invoking the general rule permitting interlocutory appeal from rulings denying qualified immunity on legal grounds.[3] *See Fancher v. Barrientos*, 723 F.3d 1191, 1198 (10th Cir. 2013).

## II. ANALYSIS

Collateral estoppel, or issue preclusion, is available in actions under § 1983. *See Allen v. McCurry*, 449 U.S. 90, 105 (1980). The doctrine applies when (1) the

---

[3] While the rejection of a collateral-estoppel defense per se is not immediately appealable, *see S.E.C. v. Universal Fin.*, 760 F.2d 1034, 1035 n.1 (9th Cir. 1985); *Suasnavas, v. Stover*, 196 F. App'x 647, 653 (10th Cir. 2006) (citing *Unger v. Consol. Foods Corp.*, 693 F.2d 703, 705 (7th Cir. 1982)), a legal ruling on collateral estoppel in connection with a qualified-immunity defense falls within the interlocutory jurisdiction extended to the latter, *see McFarland v. Childers*, 212 F.3d 1178, 1185 (10th Cir. 2000); *Kent v. Katz*, 312 F.3d 568, 570 (2d Cir 2002).

Officer Henderson has also raised on appeal a statute-of-limitations defense, which he insists we may consider because it implicates the district court's subject matter jurisdiction. The limitations period in § 1983 cases is not jurisdictional, *see, e.g.*, *Smith v. City of Chi. Heights*, 951 F.2d 834, 839 (7th Cir. 1992); *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990), and absent special circumstances that Officer Henderson does not demonstrate here, we do not exercise pendent appellate jurisdiction over limitations issues on interlocutory immunity appeals, *see Bryson v. Gonzales*, 534 F.3d 1282, 1285-86 (10th Cir. 2008).

3

issue previously decided is identical with the one presented in the current action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior litigation, and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action. *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). The district court cited the lack of issue identity and adjudicative finality as alternative grounds for rejecting the application of collateral estoppel here.

With respect to issue identity, the district court first noted a general deficiency in Officer Henderson's argument for collateral estoppel. Mr. Williams filed several pretrial motions in the criminal proceedings, "including motions to suppress or exclude evidence, to obtain the identity of an alleged informant, and to gain access to evidence that he believed could be used to impeach [Officer Henderson]," yet "despite these numerous motions, Henderson has not identified or attached as evidence any particular order or ruling upon which he relies" for collateral estoppel. Aplt. App. at 135. Officer Henderson bore the burden of establishing that the same issues raised by Mr. Williams in this case were actually decided against Mr. Williams in a prior case, *see Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1093-94 (10th Cir. 2003), and his broad-brushed reference to the prior criminal case "failed to present sufficient explanation or evidence" on this critical element, Aplt. App. at 134.

The district court went on, however, to give Office Henderson the benefit of assuming his collateral-estoppel argument rested on the denial of a pretrial motion to suppress evidence from a search based on a warrant Mr. Williams now claims Officer

4

Henderson improperly obtained without a true factual basis. But even this did not avail Officer Henderson, because the suppression motion involved an objection about procedural irregularity that did not implicate the pertinent claims of constitutional misconduct asserted by Mr. Williams in this case:

> Based on the Court's review, . . . [Judge Eagan, who presided over Mr. Williams' criminal prosecution] ruled only that "Defendant [Williams] has not shown that the existence of multiple original copies of the affidavit and search warrant with different signatures constitutes a procedural irregularity under the Fourth Amendment, and his motion to suppress evidence seized during the July 27, 2004 search is denied." A finding of no procedural irregularities with the affidavit and search warrant is certainly not preclusive as to whether [as Mr. Williams alleges here] Henderson "knowingly procured a no-name warrant without a factual basis to search [Mr. Williams'] home" or "falsified the confession form with inculpatory statements." There may be other relevant rulings in the record, but it is not this Court's duty to conduct a search. It is Henderson's burden at the summary judgment stage to establish the first element of [collateral estoppel], and he has failed to do so.

*Id.* at 135 (citations omitted).

Officer Henderson's appellate argument on this point is no more effective than his argument in the district court. Focusing on the same suppression ruling discussed by the district court, he contends that "Judge Eagan took ample enough testimony during the . . . suppression hearing to determine that probable cause did exist for the warrant." Aplt. Br. at 23. Putting aside the fact that Mr. Williams' claim here is not that Officer Henderson's affidavit did not establish probable cause, but that it did so through misrepresentation, this argument fails for the simple reason that Judge Eagan's ruling did not determine the issue of probable cause. Indeed, it specifically noted that Mr. Williams "does not challenge the affidavit on the ground that police

5

lacked probable cause to conduct the search but, instead, he focuses on alleged procedural irregularities." Aplt. App. at 81. None of Mr. Williams' claims are precluded by the denial of his suppression motion for failing to establish that "the existence of multiple original copies of the affidavit and search warrant with different signatures constitutes a procedural irregularity under the Fourth Amendment." *Id.* at 82.[4]

The district court rejected Officer Henderson's collateral-estoppel argument for a broader reason as well. Noting that a judgment set aside on appeal or vacated by the trial court "'is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel,'" *id.* at 136 (quoting *United States v. Lacy*, 982 F.2d 410, 412 (10th Cir. 1992)), the district court held that all "rulings in the prior criminal proceedings have no preclusive effect because [Mr. Williams'] convictions were either reversed on appeal (04-CR-167) or vacated (08-CV-21)," *id.* at 135-36.

The district court acknowledged that in *Hubbert v. City of Moore*, 923 F.2d 769, 773 (10th Cir. 1991), this court held (albeit under state law) that a finding of probable cause to arrest a defendant could be given preclusive effect despite his later acquittal. But the district court explained that this holding reflected the fact that a finding of probable cause to arrest was not cast into doubt by the later acquittal, *see*

---

[4] Whether Mr. Williams *could have* raised his present claims in the criminal case is irrelevant: "A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action." *Adams*, 340 F.3d at 1094 (internal quotation marks omitted) (noting "[a]n issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so" (internal quotation marks omitted)).

6

*id.* ("Whether the jury eventually convicts the defendant of the crime has no bearing on the question whether the officer had probable cause to make the arrest."), while the reason for vacating Mr. Williams' conviction was specifically linked to the questioned reliability of the proceedings leading to it. The district court similarly distinguished a recent unpublished decision, *Cook v. Aagard*, 547 F. App'x 857, 858-60 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 2699 (2014), in which this court held (again under state, not federal, law) that a dismissal of criminal charges did not bar preclusive use of a finding of probable cause to arrest:

> In [*Cook*], the § 1983 plaintiff, a former criminal defendant, had entered a plea in abeyance and admitted the charges against him on the condition that the conviction would be dismissed if he completed certain requirements. The state dismissed the charges only after he satisfied the agreed-upon conditions and to prevent the conviction from remaining on his record. There was nothing casting doubt upon the criminal court's findings regarding probable cause; the conviction was simply dismissed pursuant to agreement. Here, the prosecuting attorney moved to vacate Williams' second conviction for some of the same reasons that Williams brought his § 1983 action – namely, Henderson's suspected misconduct.

Aplt. App. at 138.

Officer Henderson's brief on appeal does not challenge any of this analysis or indeed even acknowledge this alternative basis for the rejection of his qualified immunity/collateral estoppel defense. He does observe in passing that "[w]hen Williams' conviction was vacated it was without prejudice, and the Government elected to refrain from investing resources into a third prosecution against Williams." Aplt. Br. at 23. But he does not relate this observation to the district court's holding about the preclusion-nullifying effect of the vacated judgment, much less advance a

7

challenge to that holding and support it with any pertinent authority.[5] It is not this court's role to craft a party's arguments for him. *Ingram v. Faruque*, 728 F.3d 1239, 1251 n.6 (10th Cir. 2013).

In sum, the district court set out two facially adequate reasons for denying Officer Henderson's argument for collateral estoppel, and he has not mounted a persuasive appellate challenge to either of them. Because his assertion of qualified immunity turned solely upon this subsidiary argument, it necessarily failed as well.

The order of the district court denying Officer Henderson's motion for summary judgment on grounds of qualified immunity is affirmed. Mr. Williams' motion to strike the appellate appendix submitted by Officer Henderson is denied as moot.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[5] The implicit premise that a vacatur and dismissal without prejudice should permit a later invocation of collateral estoppel is particularly unpersuasive. As a general matter, a dismissal is made without prejudice precisely to negate preclusive effects with respect to any rulings going to the merits—as when it is determined that a court has acted without jurisdiction. *See, e.g.*, *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) (following *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)).